## Case No. 13,892.

### The THOMAS.

[See Case No. 3,769.]

THOMAS (ALEXANDER v.). See Case No. 174.

THOMAS (ALLEN v.).   See Case No. 239.

## Case No. 13,893.

### THOMAS v. BRENT.

[1 Cranch. C. C. 161.] [1]

Circuit Court. District of Columbia. March 26, 1804.

EXECUTION— FORTHCOMING BOND—MARSHAL'S COMMISSIONS.

The marshal may include his commissions in a forthcoming bond, and is also entitled to his commissions upon an execution on the bond.

[1] [Reported by Hon. William Cranch, Chief Judge.]

[This was an action by John V. Thomas against D. C. Brent, marshal.]

Rule to show cause why the marshal should not return his commissions received on an execution upon a forthcoming bond, which included his commissions on a former execution levied upon goods.

Mr. Taylor, in support of the rule. The act of congress, of February 27, 1801, § 9 (2 Stat. 106),respecting the fees of the marshal, refers to a former law respecting the marshal for the district of Maryland. If the fees are for a service not known by the laws of Maryland, or by act of congress, then the marshal is either not entitled to a fee, or he is entitled under the laws of Virginia of December 10, 1793, c. 151, § 13 (New Rev. Code, p. 298); of December 24, 1794, § 11 (New Rev. Code, p. 326); and the fee-bill of December 19, 1792 (New Rev. Code, p. 218), to a fee of sixty-three cents only. The property has not been actually sold nor replevied, nor has the debt been paid; the marshal, therefore, is not entitled to a commission. Before the act of December 24, 1794, the officer could not include commissions in the forthcoming bond. Worsham v. Egleston, 1 Call, 48. By that act, the officer is allowed to include commissions in the bond, but shall not receive them unless the bond be forfeited. The act proceeded upon the principle that the officer was entitled to commissions, and only directs that they may be included. It was founded on a mistake of what was the law before, and therefore does not give the right to receive a commission. By the law of Maryland of 1779, c. 25, the officer is allowed the same fees on attachment as on execution, where the sheriff is chargeable. By the Virginia law, the sheriff is not liable to the risk after bond given, and cannot be chargeable before, because the defendant has no right to tender a bond after the officer has removed the goods, and until removal, the officer is not liable.

Mr. Mason, contra. The bond satisfies the former judgment and execution. The laws of Virginia do not apply to the case. By the act of congress, the fees of the marshal of this district, are the same as those of the marshal of the district of Maryland; which by the act of congress of May 8, 1792, § 3 (1 Stat. 276) are to be the same as are allowed in the supreme court of the state. The law of Maryland is the only law applicable to the case. By the fee-bill of Maryland, the sheriff, for levying an attachment, or where the sheriff is chargeable, is entitled to the same fees as on executions; and upon a fieri facias the same as upon attachments; and upon any execution for money, he is entitled to 7½ per cent. on the first £10, and three per cent. on the residue. The words are, "or wherewith he shall be chargeable." Was the marshal chargeable for these goods? The case stated, is, that the fieri facias was levied on the goods. Levying means taking the goods into possession. Until the goods were discharged by the bond, the marshal was chargeable. The fee is for

serving the execution, and making himself liable by the custody of the goods. The defendant may tender a forthcoming bond at any time before the sale. The time is not important; some time must intervene between the levying and the bond. Upon the second execution, the marshal has the same trouble de novo. There were two judgments, and two executions, and the marshal is entitled to his fees on both.

Mr. Youngs and Mr. C. Lee, in reply. This, by the laws of Virginia, is one continued process, and constitutes but one execution. The process of a forthcoming bond is not known in Maryland. There is not a new judgment on the bond. It is only an award of execution. The words of the act of Virginia are, that the bond shall have the force of a judgment, and therefore the court only awards execution.

Rule discharged, nem. con.