## IRWIN M. DIXON ET AL. v. SUB-DISTRICT NO. 5, LIBERTY T'P.

1. Two DIRECTORS CONSTITUTE A QUORUM.

Two of the directors of a sub-school district, being a majority of the board, are constituted by the statute a quorum to do business at all meetings of the directors.

2. OFFICIAL ACTION OF BOARD MAY BE PROVED BY PAROL, IF NO RECORD IS KEPT.

When two of such directors have met at the usual place of holding meetings, at a regularly called meeting, and they, acting officially, agree with a qualified teacher to hire him to teach the school of said sub-district for a certain time at an agreed compensation; but neither the clerk of the board or said directors make any entry in the records of said sub-district of their proceedings, such teacher ought not and cannot be prejudiced by the omission or ministerial nonfeasance of the directors or their clerk. He may prove, if he can do so, by competent parol testimony, such official action of said board.

3. DECLARATIONS OF MEMBERS AFTER ADJOURNMENT, NOT COMPETENT TO PROVE CONTRACT.

But declarations and admissions of said directors, made after the adjournment of said meeting, as offered to be proved, a short distance from the school-house on that day, as said two directors were on their road home from said place of meeting, but separately and at different places on said road, to said teacher that they, the said board, had hired him to teach their school for six months at $50.00 per month, commencing on September 15, 1884, were no part of the *res gestae*, and incompetent to prove that said agreement was made.

4. COMPETENT TO SHOW NOTICE.

If said declarations and admissions were competent to show notice to the plaintiff in error of the acceptance by the board of his proposition to teach, still he cannot complain, as for that purpose they were admitted, and the jury so instructed.

ERROR to the Court of Common Pleas of Ross county.

The original action was brought before a justice of the peace, and from the judgment of the justice appealed to the court of common pleas of the county.

The plaintiff in error, in his amended petition in the common pleas, alleged: "That on or about August 2, 1884, the directors of said sub-district, employed plaintiff to teach the school in said sub-district, for the period of six school months, commencing September 15, 1884, at the agreed price of fifty dollars per month, to be paid at the end of each and every month. That on said September 15, 1884, plaintiff commenced his said employment of teaching said school, but on said day, while he was so employed, a majority of said directors, in accordance with their action at a meeting held by said directors for said purpose, came to the school-house where plaintiff was so engaged, and dismissed him from said employment for an insufficient reason, and without cause on his part; that plaintiff is a school teacher by profession, and was ready and willing to teach said school, and had a certificate to teach school in said county at the time, which covered the entire time of said employment. That plaintiff had no other employment, and was unable to procure any other employment, although he made all reasonable efforts so to do since his dismissal from employment during the period for which he was so employed. That in consequence of the premises the plaintiff has suffered damages in the sum of three hundred dollars, for which he asks judgment."

The defendant in its answer admits, "that the plaintiff is a school teacher, and was willing to teach said school at the price named in his petition; that he had a certificate to teach in said county, that he had no employment during the time for

Vol. III.                              CIRCUIT COURTS.                                    **299**

**517** .                          Dixon v. Sub-Dist. No. 5, Liberty Tp.                        .

which he here claims compensation. It denies that the directors of said sub-district, or any board or body having authority, ever employed the plaintiff to teach for any of the period included between the dates set out in his petition; is not informed, and so denies that he was unable to get employment during said period. And the defendant denies each and every other allegation in said petition made."

On the trial to a jury there was a verdict for the defendant. A motion for a new trial was made for reasons stated in the motion, and substantially the same as are set forth in the assignment of errors herein. The motion was overruled, to which plaintiff, at the time, excepted, and judgment was entered upon said verdict. From the bill of exceptions taken upon said trial, it appears that "the plaintiff having offered evidence tending to show that at the time of the alleged hiring of plaintiff to teach said school, as claimed in his petition, a meeting of the board of directors of said school district had been called to meet at the said district on August 2, 1884; that at said time two of the directors—Harrison Cox and William Taylor Timmons—met at said place. And the plaintiff also offered evidence tending to show that at said time and place, the said two directors had held a meeting of said board, and had employed plaintiff to teach their said school in that district for a period of six months, commencing on September 15, thereafter; and the plaintiff offered evidence showing that no proceedings of such meeting had ever been entered in any record of the proceedings of said board of directors; and, thereupon, in order to further make out on his part, the said hiring and employment, the said plaintiff offered himself as a witness, and offered to prove by himself that a short distance from said schoolhouse, on that day, as said two directors were on their road home from said place of meeting, he met said William Taylor Timmons, who told him that they, the said board, had hired him to teach their said school for said period, commencing on said September 15, 1884; and that a short distance further on the road toward said school-house, he met said Harrison Cox, who told him that said board had hired him to teach said school for said period, at $50.00 per month, commencing on September 15, 1884. To which said evidence so offered by plaintiff, the defendant objected, which objection the court sustained so far as it tended to prove said contract had been made, and refused to allow the same to be given in evidence for said purpose, because it was hearsay evidence only of said contract; but allowed it to go in evidence for another purpose, viz.: as tending to show that notice of the action of the board, if taken as claimed, had been communicated informing him of the acceptance of his proposition to teach—to which ruling of the court the plaintiff excepted."

It also appears from said bill of exceptions, that the plaintiff further to maintain the issue on his part, offered to prove by one James R. Motter, a conversation had by him with said Harrison Cox, the next morning after said alleged meeting and hiring, in which said Cox told him, said Motter, "that such meeting had been held, and that said board had hired plaintiff to teach said school at fifty dollars per month for six months from said September 15, 1884." An objection was sustained, and said evidence rejected, to which ruling of the court there was an exception.

The plaintiff having closed his evidence in chief, the defendant to maintain the issue on its part, called said Harrison Cox as a witness, who testified, among other things, "that no contract was made with plaintiff to teach said school at said meeting;" and, on cross-examination by plaintiff, he having denied telling plaintiff what it was proposed to prove he had told him, and also, denied telling said Motter what had been offered to be proved by him, and the said plaintiff afterwards, on rebuttal, having offered by said plaintiff and said James R. Motter, as witnesses, proof tending to show that said Harrison Cox had made said statements to said plaintiff and said James R. Motter, which he, Harrison Cox, denied making, thereupon the evidence being closed, the court among other things, charged the jury: "That said evidence of plaintiff as a witness, and of said

witness James R. Motter, as to what said Harrison Cox had told them about plaintiff being hired to teach said school, at a time and place other than at said meeting was not to be considered by said jury as evidence of such hiring or contract, but was to be considered solely as evidence tending to dispute or impeach said witness Harrison Cox, to which charge of said court in that particular the plaintiff at the time excepted." The plaintiff in error now seeks to reverse the judgment of the court of common pleas, assigning the following grounds of error:

"1. That the court erred in rejecting the evidence offered by said Irwin M. Dixon, plaintiff below, and in refusing to allow said evidence to be given for the purpose for which it was offered, and to which plaintiff excepted.

"2. Said court erred in its charge to the jury on the trial of said action, and to which said plaintiff below excepted.

"3. Said court erred in overruling the motion of plaintiff in error for a new trial."

John C. Entrekin, for plaintiff in error, cited, Pollock on Contracts, 2, 13, 18 and note (1); Turnpike Co. v. Coy, 13 O. S., 84, 92; 1 Pick., 280; Wise v. Miller, 45 O. S., 388, 393; 46 N. Y., 467; Abbott's Trial Evidence, p. 44, sec. 51; 1 Greenleaf's Ev., secs. 113, 129; 44 N. Y., 22, 24.

Mayo & Freeman, for defendant in error.

CLARK, J.

There was no objection to the evidence offered by plaintiff below tending to show that a meeting of the board of directors of said school district had been called to meet at said school house on August 2, 1884, nor that at said time two of the directors—Harrison Cox and William Taylor Timmons—met at said place, nor that said two directors had at said time and place held a meeting of said board, and had employed plaintiff to teach said school for the period mentioned. It was further shown that no proceedings of such meeting had ever been entered in any record of the proceedings of said board of directors. No question is made as to the power or authority of the two directors, being a majority of the board, to make such contract, if acting officially, at a regular or called meeting. The statute provides that a majority shall be a quorum to do business at all meetings of the directors. If such contract was in fact made, it was the duty of the clerk of the board, or if he was absent, one of the directors, to have made an entry of it in the records of the sub-district. Dixon ought not and cannot be prejudiced by the omission or ministerial nonfeasance of the directors or their clerk. The law considers that which ought to have been done as done. It was competent for Dixon to prove by parol, if he could do so, that such contract was actually made. Such evidence would not have been in contradiction of a record, for none was made.

Ratcliff v. Teters, 27 O. S., 66, 80, 81; King v. Kenny, 4 O., 79, 82, 83; Mayberry v. Madison, 1 Cranch, 161; 10 East, 350.

But, the contention of the defendant is, that neither "the directors of said sub-district, or any board or body having authority, ever employed the plaintiff to teach for any of the period set out in his petition;" and that the further evidence offered by Dixon of the declarations and admissions made by said directors to him, on the day of said meeting and soon after leaving said school house on their road home, but separately and short distances from said school house, were incompetent in proof of said alleged contract, as was also the declaration or admission made by said Cox on the next morning after said meeting to, and offered to be proved by, said Motter, but rejected, as was also the others, by the court below. On the other hand, the contention of the plaintiff in error is, that said declarations and admissions—those at any rate of said two directors—were competent evidence, and that the court erred in rejecting the same

as well as in its charge in relation thereto, to the prejudice of plaintiff, and for which the judgment below should be reversed; and this is the question presented for our decision.

It is a familiar principle of the law of agency, that the declarations and admissions of an agent, in order to be binding on his principal, must have been made within the scope of the agent's authority, during the agency, and in regard to a transaction depending at the very time, so as to constitute a part of the act; and not narrative of a past act.

The rule is the same as to the declarations and admissions of officers when offered to be proved against the corporations of which they were members, and is as well stated, perhaps, as any place else, in Abbott's Trial Evidence, p. 44, sec. 51, Admissions and Declarations made as part of the *Res Gesta.*

"Again, the declarations and admissions of officers and agents may also be proved against the corporation as part of the *res gesta,* but only when made during the agency, and in regard to a transaction depending at the very time, so as to constitute a part of the act. They cannot be admitted on this ground, if subsequently made, as narrative of a past act, even though they relate to the official duty of the declarant, or were intended in the interest of the corporation. Hence the declarations of members of a board or committee, as to what the board or committee have done, are not competent. It must affirmatively and explicitly appear that the declaration was made at the time, and not afterwards, or its reception in evidence will be error."

The case of Steinbeck et al. v. The Treasurer of Liberty Township, Delaware County, 22 O. S., 144, was an action to recover on an order drawn by the clerk of the board of education upon the treasurer of said township, to pay for "out-line maps," etc. The township treasurer, though being in funds, refused to pay it, on the ground that it had been issued without authority from the board of education.

"The only authority of the clerk of the board of education for issuing the order, was an alleged agreement signed by a majority of the members of the board of education. The signatures of these members of the board had been procured to the agreement * * * on application to them individually and separately at their respective residences and places of business, without any meeting being called or held by the members of the board for the purpose, or on the subject of such agreement."

The third proposition of the syllabus of the case, is:

"The board of education is made, by the statute, a body corporate, and the contracting of a debt by the board, and the directing the issuing of an order to pay it, are corporate acts which cannot be performed by the individual members of the board acting separately."

White, J., in the opinion, p. 148, says: "The question is, does the alleged agreement which was signed by a majority of the members of the board, and which was the whole authority of the clerk for issuing the order, constitute an order by the board? It seems clear to us it does not. The authorizing a debt to be contracted by the board of education, and the directing its payment out of the public funds, are corporate acts. No individual member of the body corporate, nor any number of such individual members acting separately, can bind the corporation. Angel & Ames on Corporations, 232.

"In the present case there was no authority from the board to execute the agreement. There was no meeting of the members of the board on the subject. The signing by each of the members of the board who did sign, was his individual and separate act, and unless ratified by the corporate body, imposed no obligation upon it. But there was no ratification."

It would seem to follow, logically, that if the individual members of a corporate body acting separately, cannot bind the corporation by an agreement, that their declarations and admissions made separately and not while acting as

a board, cannot be given in evidénce to establish, or as tending to establish, against the corporation an agreement alleged to have been made by such members.

It is true that this was a called meeting of the board of education in the case last cited, but the meeting of the directors had been adjourned, and they had left the place of meeting and separated when the declarations and admissions offered in evidence were made, or claimed to have been made, and having been made separately, they were not then acting as a board. Besides, they were subsequently made, and narrative of a past act.

But, it is strenuously claimed on behalf of plaintiff in error, that they were competent to show notice to him of the acceptance by the directors of his proposition to teach, and being competent for that purpose they were part of the *res gesta*, and being *res gesta* they were competent in proof of the agreement as well.

If competent to show an acceptance of plaintiff's proposition to teach, he cannot complain, as for that purpose they were admitted, and the jury so instructed. But, were they part of the *res gesta?* It seems clear to us that they were not.

In the case of The C., C. & C. Railroad Company v. John Mara, 26 O. S., 185, an action by Mara against the plaintiff in error, to recover for injuries received by Mara's wife while in the act of leaving the company's car, on which she had been a passenger, the evidence showed that Mrs. Mara's injuries were occasioned by her falling, or being precipitated, from the steps or platform of the car into the cattle-guard, and there was evidence tending to show that this was caused by a "jerk," or sudden start of the train, carelessly and wrongfully permitted by the officers of the company. Mr. Mara, the husband, in his testimony, having particularly described the occurrence, and showing that Nash and the conductor were present at the time of the occurrence, the counsel for plaintiff then asked the following question:

"While you and Nash were in the act of getting your wife out of the cattle-guard, immediately after the accident, did Nash ask her how she came to be there; did she make answer to it, and if so, what was it?" The witness replied: "Nash asked her how she came to be thrown in there, and she told him she was jerked in while in the act of getting off the cars."

To the question and answer the counsel for the railroad company objected, but their objection was overruled, and they took exception.

The third proposition of the syllabus, is:

"In an action against a railroad company for injuries sustained, by a party falling or being precipitated into a ditch, when in the act of landing from a car, it is not competent for the plaintiff to prove what the party said immediately afterward, and while being helped out of the ditch, as to the cause of the accident, it being no part of the *res gesta*, but a mere account of a past transaction."

Welch, J., in the opinion, says:

"We think the court erred in admitting proof of what was said by Mrs. Mara as to the cause of her fall or precipitation into the ditch of the cattle-guard. Although occurring immediately after the accident, it was no part of the *res gesta*, but a narration of a past transaction, and therefore, mere hearsay. For this error the judgment must be reversed."

This seems to be drawing the line, as to what is, and what is not *res gesta*, about as closely as could well be done. We think that the court below in the case at bar, did not err in rejecting the evidence for the purpose for which it was offered; and it follows that there was no error to the prejudice of the plaintiff in error in the charge of the court.

Judgment affirmed. All concur.