## City of Paducah v. Board of Education of the City of Paducah.

(Decided February 7, 1912.)

### Appeal from McCracken Circuit Court.

Schools—Cities of Second Class—Board of Education—Apportionment—Taxes Levied and Collected for School Purposes—Recovery From City—Section 3219, Kentucky Statutes.—The right of the board of education of a city of the second class to taxes levied and collected by the general council for school purposes pursuant to and within the limits of the report and request required by section 3219, Kentucky Statutes, does not depend upon the amount of money apportioned by the General Council to

schools.   Therefore, if the General Council apportions less than it actually levies and collects, the board may sue the city and recover the excess.

JAMES CAMPBELL, JR. for appellant.

BRADSHAW & BRADSHAW for appellee.

OPINION OF THE COURT BY WILLIAM. ROGERS CLAY, COMMISSIONER—Affirming.

The Board of Education of the city of Paducah, a municipal corporation of the second class, brought this action against the city to recover the difference between the amounts paid to the Board of Education and the amounts actually levied and collected for school purposes for the years 1905 to 1909 inclusive.  By agreement the case was submitted for trial by the court on' the pleadings and an agreed statement of facts, and judgment rendered in favor of the Board of Education for the sum of $4,595, with interest from the date of the judgment, and costs.  The city of Paducah appeals.

It appears that for the years in question the city through its General Council levied, and actually collected taxes for school purposes in excess of the amounts paid to the board.  With the exception of one year, the amounts so paid were greater than the amounts apportioned by the General Council for school purposes. The agreed statement of facts for the year 1909, will illustrate the question.  For that year the General Council, in its apportionment ordinance, apportioned to the schools $33,000.  It levied and collected for school purposes taxes amounting to $38,491.60, or $5,491.60 more than was apportioned.  The city paid to the Board of Education $37,208.76, or $1,282.84 less than was collected for school purposes.

Section 3219, Kentucky Statutes, provides:

"Said board shall annually, in the month of January, approximately ascertain the amount of money necessary to be used to defray the expenses of maintaining the schools, improving or constructing of buildings, et cetera, thereof, and any liquidations of the liabilities during the current fiscal year, and report the same, together with the amount to be received from the common school fund of the State of Kentucky (which amount the board shall ascertain by taking the census required by law, in April) to the Auditor, and thereupon, the Gen-

eral Council shall, at the request of said board, levy and collect such taxes as may be requested, and the money arising from said levy shall under the direction and control of said board, be used for the benefit of the common schools, and for the purpose of paying off the indebtedness of said board."

It is admitted that for each of the years in question the board made the estimate, report and request provided for by the above section. It is also conceded that for each of the years, it asked for and needed more money than was either apportioned or levied and collected, or could be levied and collected under the statutory limit. Therefore, no such question arises as was presented in the case of Board of Education of City of Paducah v. City of Paducah, 108 Ky., 209, where it was held that if the General Council levied and collected more taxes for school purposes than the report of the board showed to be necessary, the board could not recover the excess. On the contrary, the question here presented is, can the board require the city to pay to it all the taxes levied and collected for school purposes, where the amount so levied and collected has been demanded and is necessary for the maintenance of the schools? It is the contention of the city that this can not be done where the amount apportioned to the schools by the General Council is less than the taxes levied and collected for school purposes, and the taxes paid exceed the amount apportioned. To so hold would be to make the General Council the judge of the necessities of the schools, and to make the expenditures for school purpose dependent on the will of that body, instead of the judgment of the board to which the Legislature has seen fit to entrust the power to determine such matters. Such is not the law. On the contrary, it is well settled that where proper demand is made within the limits prescribed by law, the council will not be permitted to refuse to comply with the board's demands, unless it can be shown that the members of the board acted corruptly or in bad faith, or that they embraced in their expenditures items not authorized by law. Neither the councils nor the courts are vested with the authority to pass on the needs of the schools. These are questions to be determined by the Board of Education within the limitations referred to (Board of Education of City of Bowling Green v. Townsend, Mayor, &c., 140 Ky., 248.) While it is proper for the General Council to apportion

the revenues as provided by statute, and to include in the apportionment the amount to be applied to school purposes, yet both the apportionment and the levy should be sufficient to meet the legal demands of the Board of Education. In other words, it can not defeat the legal demands of the board either by an insufficient apportionment or an insufficient levy. Any attempt to do so may be prevented by an action of mandamus compelling the members of the General Council to make a sufficient apportionment and a sufficient levy, provided the board proceeds in due time. If, however, a levy has been made within the demands and needs of the board, the city will not be heard to say that any part of the taxes actually levied and collected for school purposes may be withheld from the board merely because the city's general council failed in its duty to apportion a sum sufficient to meet the lawful demands of the board. To hold otherwise would be to disregard the plain provision of section 3219, supra. That section does not make the board's right to taxes levied and collected for school purposes depend on any apportionment by the General Council, but after requiring the board to make to the Auditor a report showing its estimated expenditures, and making it mandatory on the General Council to levy and collect such taxes as may be requested, distinctly provides that "the money arising from said levy shall under the direction and control of said board, be used for the benefit of the common schools, and for paying off the indebtedness of said board." The intention of the Legislature could not have been expressed in clearer language. Under this section every dollar levied and collected for school purposes within the legal demands of the board belongs to the Board of Education, and if it be withheld by the city, the board may sue and recover.

Judgment affirmed.