# Breathitt County Fiscal Court v. Breathitt County Board of Education.

(Decided May 10, 1921.)

## Appeal from Breathitt Circuit Court.

1. Schools and School Districts—Boards of Education—Powers of.— By the act of March 22, 1920, placing the exclusive control of all common schools in the boards of education of the cities and counties of the state and giving them power to provide funds for all needs of the schools, it was the intention of the legislature that such boards shall be the sole judges of the needs of the schools, and to make them entirely independent of the city councils and fiscal courts, through whose tax levies they must be supplied with funds for maintaining the schools.

2. Schools and School Districts—Levy—Rate of Taxation.—When as authorized by the act of 1920, the county board of education prepares and submits to the fiscal court of the county before it meets at its April term for the making of the regular county levy, a detailed budget showing the needs of such board for the school year, it is incumbent on the fiscal court to make such levy as will raise the amount required by the budget; and in doing this that court has no discretion except that it may limit the rate of taxation on the $100.00 for school purposes to such a sum as will raise the total amount demanded by the budget.

3. Schools and School Districts—Budget—Levy by Fiscal Court.— In such case the fiscal court will not be permitted to refuse to comply with the board's demands, unless it can show that the members thereof acted corruptly or in bad faith, or that they embraced in their expenditures items not authorized by law. That in the court's opinion the demands of the board are excessive or exorbitant, is not sufficient to justify a refusal of the demand.

E. C. HYDEN for appellant.

O. H. POLLARD for appellee.

Opinion of the Court by Judge Settle—Affirming.

This is the second appeal in this case. It appears from the opinion of the court on the first appeal (Breathitt County Board of Education v. Breathitt County Fiscal Court, 188 Ky. 674) that the action was brought in the court below by the Breathitt county board of education against the Breathitt county fiscal court to compel the latter, by the writ of mandamus, to levy in the year 1920 for maintaining the common schools of that county according to their needs as set forth in an itemized budget, totalling $23,870.00, previously furnished it by the

board of education, an *ad valorem* tax of 45 cents on each $100.00 of taxable property of the county and a per capita tax of $1.00 on each resident voter thereof.

A general demurrer filed to the petition by the fiscal court, was sustained by the circuit court, and the board of education refusing to plead further, the petition was dismissed. From the judgment entered in pursuance of these rulings the board of education, as previously stated, prosecuted an appeal to this court, which, upon the hearing thereof, held that the petition of the board of education sufficiently stated a cause of action; hence, the judgment appealed from was reversed, and the cause remanded with directions to the circuit court to set it aside, overrule the demurrer to the petition and permit the parties "to plead to an issue, if they desire to do so."

Upon the return of the case to the circuit court, the fiscal court filed an answer to the petition which denied the necessity for the levy by it of an *ad valorem* tax of 45 cents for school purposes, and in a general way attacked certain parts of the budget of school expenses submitted to it by the board of education, alleging that they were illegal and unauthorized charges and asking their elimination, which, if done, would, as alleged, so reduce the total amount required by the budget as that an *ad valorem* tax levy of 15 cents and $1.00 per capita, in addition to that of 15 cents which the fiscal court had already made for school purposes, would be sufficient to meet all needs of the common schools of Breathitt county for the ensuing year. To the answer of the fiscal court, as amended, the board of education filed a general demurrer which the circuit court sustained, and thereafter on the hearing of the motion of the board of education for the writ of mandamus to compel the levy of the tax demanded, sustained the same and entered judgment awarding the writ. From that judgment the second and present appeal to this court is prosecuted.

The action was instituted under the legislative act of March 22, 1920 (Acts General Assembly 1920, chapter 53, p. 224), relating to common schools of all grades, which provides, among other things, that such schools in each county shall be under the exclusive control of a county board of education, and that when such board submits to the fiscal court of the county before the April meeting thereof each year, at which it makes the regular annual county tax levy, the detailed budget showing its needs for the school year as required by section 6 of the act, it is in-

cumbent upon the fiscal court to make the levy to meet the demands of the board as shown by the budget.   In the opinion on the former appeal adhering to the rule applying, under a former similar statute, to county boards of education announced in Board of Education v. Logan County Fiscal Court, 138 Ky. 101, and also with respect to city boards of education, announced in Board of Education of City of Bowling Green v. Townsend, Mayor, etc., 140 Ky. 248, also City of Paducah v. Board of Ed. of Paducah, 146 Ky. 636, we declared, quoting from Board of Education v. Logan County Fiscal Court, *supra*:

"The fiscal court has no discretion to exercise on this subject. · It must lay the levy demanded.   In submitting to the fiscal court an estimate of the amount that in the judgment of the board is needed, it is not necessary that the board should mention the specific purpose or any of the purposes to which it intends to apply the funds. The expenditure of the fund within the statutory limits is entirely within the discretion of the board of education."

It will be found that the rule, *supra,* is likewise approved in Grant Co. Board Ed. v. Chandelier, 144 Ky. 348; Spradlin v. Floyd County Board of Education, 162 Ky. 161.

In the opinion on the former appeal and in those of all the cases, *supra,* the doctrine is recognized that in placing the exclusive control of all common schools in the boards of education of the cities and counties of the state and giving them power to provide funds for all needs of the schools, whether to supply school buildings or other equipment, employ teachers, fix and pay their salaries or incur any other expense necessary to the accomplishment of these ends, it was the intention of the legislature that such boards should be the sole judges of the needs of the schools, and to make them entirely independent of the city councils and fiscal courts through whose tax levies they must be supplied with funds for maintaining the schools; otherwise they often might be obstructed in the necessary exercise of their powers or performance of their duties by the whims or caprices of the latter, to the great injury of those entitled to the education to be had in the common schools.   So, as said in Board of Education of Bowling Green v. Townsend, *supra*: "Where proper demand is made within the limits prescribed by law, the council will not be permitted to refuse to comply with the board's demands, unless it can show that the members of

the board acted corruptly or in bad faith, or that they embraced in their expenditures items not authorized by law. That in their opinion the demands of the board are excessive or exorbitant, is not sufficient.   If the contention of counsel for appellees were sound, we should have the courts passing on the question of the sufficiency of the number of teachers, the amount of salaries paid, etc. The legislature did not mean that either the general council of the cities or the courts should determine these questions; they were left solely to the boards of education which were created for that purpose.''

Recurring now to the questions presented on this appeal of the case at bar, we find that they were raised by the demurrer to the petition, discussed in the briefs of counsel, and, in the main, settled by us on the former appeal adversely to the present appellant's contentions now urged.   In considering its objections to the appellee board's expense budget for school purposes submitted to it for the levy of the tax in question we in the opinion said:

''The budget fairly complies with the requirements of the statute in that it shows the amount of money needed to supplement teachers' salaries, repairs, fuel and other expenses, stationery, printing and postage, new buildings, general expenses and debts unpaid.   It also shows the sum that will be received by the board from the state (estimated), cash on hand (estimated), total income from all sources and the balance to be supplied by local taxation.   It also suggests that it will require a levy of 45 cents on each one hundred dollars of taxable property in the county outside of incorporated cities and graded school districts to raise the sum necessary to meet the needs of the schools for the year.   It concluded with a request to the fiscal court to make the levy.''

Following its approval of the budget as stated above, the opinion meets the objection of the fiscal court that the board of education was without the necessary information upon which to base the rate of taxation demanded by the budget, by declaring that in giving its estimate of the rate of taxation required for school purposes set forth in the budget the board was not confined to the method of obtaining information stated in the act of March 22, 1920, as its provisions regarding same are but directory, but had the right to make up the budget from any authentic information obtainable as to the taxable

property of the county. Therefore the petition was not defective because of the absence of an averment that the tax commission showed the assessment of the property subject to taxation for school purposes under the provisions of the act, *supra*. In concluding its discussion of this question the opinion further declares that while the fiscal court may not question the estimates of the budget of the board of education regarding the sums required for maintaining the county's common schools during the year, it may determine, when the budget is presented, what rate of taxation on the hundred dollars and capitation tax will be required to raise the total amount necessary to meet the needs of the county as shown by the budget. Therefore if, as in this case, the board of education should recommend a levy of 45 cents *ad valorem* upon the claim that it would be necessary to raise the $23,870.00 for school purposes called for by the budget, it would be the duty of the fiscal court to levy a tax sufficient to raise that amount; but if it could be raised by the levy of a tax at a lower rate than that recommended by the board of education it would be the duty of the fiscal court to adopt the lesser rate. Upon reversing the judgment of the circuit court on the former appeal we finally said:

"We, therefore, conclude that the demurrer to the petition should have been overruled and the defendant, fiscal court, allowed to answer if it desired to do so, and show that a levy of forty-five cents on the one hundred dollars' worth of taxable property, outside of incorporated towns and graded school districts, in the county of Breathitt, was not necessary to raise the sum of $23,-870.00, declared by the board of education to be necessary for school purposes for the ensuing year, but in case the fiscal court make such issue the burden will be on it to sustain the averment. On a return of the case the parties will be allowed to plead to an issue, if they desire to do so."

It is apparent from the opinion, *supra*, that the only question referred by this court to the circuit court was that of determining whether a tax levy of 45 cents on the $100.00 of property, or a lesser rate, was required to raise the total amount requested by the budget of the board of education for the needs of the common schools of Breathitt county. This issue the answer of the appellant fiscal court, filed after the return of the case to the

circuit court, did not attempt to meet by alleging that a tax levy of less than 45 cents on the $100.00 worth of property would raise the $23,870.00 required by the budget of the board of education for school purposes, but by alleging, in substance, that if certain items of the budget, such as that of $6,500.00 of old unpaid debts and some other expenses of unnamed amount incurred and paid by the county superintendant of schools, all unauthorized and illegal, as claimed, were eliminated from the budget, the amount left could readily be raised by a tax levy of 30 cents on the $100.00 worth of property; that is, 15 cents on the $100.00 in addition to a levy of 15 cents already made by the fiscal court. Obviously, the answer makes no triable issue, as it neither specifies the date, amount nor character of any debt, alleged to be illegal, that is included in the $6,500.00 total of old debts contained in the budget; nor does it state the purpose for which, or names of the persons or any of them to whom, the old debts were incurred or are owing. The answer is equally indefinite and deficient regarding the expenses alleged to have been incurred or paid by the county superintendent of schools, for none of them is specified by date nor amount; and with the exception of a vague statement therein to the effect that the board of education was seeking through its budget of school needs reimbursement of some unnamed sum or sums that had been illegally paid, as claimed, by the county school superintendent to his wife for services not named, it cannot be told from the answer to whom or for what purpose any of the indebtedness alleged to have been incurred by the county superintendent was created. In addition to what has been said of the defective character of the answer in the particulars mentioned, it fails to deny that it would require a tax levy of 45 cents on the $100.00 of property to raise as much as $23,870.00, if that is the correct amount needed for school purposes. Moreover, it is not to be overlooked that under the rule stated in the several cases, *supra,* the board of education did not have to specify by date, amount or otherwise the several items of expenditures totaling $6,500.00, styled in the budget ''old debts unpaid.'' If they were genuine, which should be assumed, it was sufficient to present them by the total amount as was done, and it was the duty of the fiscal court to provide for their payment in the form presented, unless it was in possession of such information as would have enabled it to charge and prove that in presenting

the demand as an item entitled to go into the budget the members of the board acted corruptly or in bad faith, or that it embraced expenditures not authorized by law. No claim is made by appellant that the members of the appellee board of education, in making or presenting its budget of school needs, acted corruptly or in bad faith, nor does its answer sufficiently allege that any item of expenditure embraced in the budget was or is unauthorized.

For the reasons indicated we conclude that the action of the circuit court in sustaining the appellee's demurrer to the answer and awarding it the writ of mandamus prayed in the petition was not error. Therefore, the judgment of that court is affirmed.