## County Board of Education of Pulaski County v. Jasper.

(Decided December 13, 1921.)

### Appeal from Pulaski Circuit Court.

1. Schools and School Districts—Claims Against County Board of Education—Mandamus—Exclusiveness of Remedy.—While mandamus is an appropriate and perhaps an exclusive remedy, if the county board of education concedes its liability and the only default is on the part of the treasurer who declined to pay vouchers which had been legally issued, yet the county board cannot deny all liability, and at the same time insist that the claimant should have proceeded by mandamus against the treasurer. In such a case there is nothing to prevent the claimant from reducing his claim to judgment, and thereby foreclosing all defenses that may be made against it.

2. Schools and School Districts—Evidence of Proceedings of County Board of Education.—There being no statute providing in terms, or by necessary implication, that the county board of education can speak only through its records, any action taken by the board and not recorded by the clerk or secretary may be shown by the testimony of those who were present.

3. Schools and School Districts—Sufficiency of Evidence of Action of County Board of Education.—In an action by the assignee of certain vouchers issued by the county board of education for construction and repair work, evidence examined and held that the minutes of the board, when supplemented by the oral testimony of those who were present, were sufficient, in the absence of evidence to the contrary, to show that the work for which the vouchers were issued was performed under contracts authorized by the board.

M. L. JARVIS and E. T. WESLEY for appellant.

W. M. CATRON and JAMES DENTON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

T. E. Jasper, as assignee of certain vouchers purporting to have been issued by the county board of education of Pulaski county, and amounting in the aggregate to the sum of $5,381.50, sued the county board of education to recover thereon. At the conclusion of plaintiff's evidence, defendant's motion for a peremptory instruction was overruled, and defendant having declined to offer any evidence, the court directed the jury to return a verdict in favor of plaintiff. Defendant appeals.

It is first insisted that plaintiff's only remedy was by mandamus to compel the treasurer of the county board of education to pay the vouchers. While mandamus would have been an appropriate and perhaps an exclusive remedy, if the board of education had conceded its liability and the only default was on the part of the treasurer who declined to pay vouchers which had been legally issued, yet the county board cannot deny all liability, and at the same time insist that plaintiff should have proceeded by mandamus against the treasurer. In such case there is nothing to prevent one, having a claim against the board, from reducing his claim to judgment, and thereby foreclosing all defenses that may be made against it.

Coming to the merits of the case, we find that plaintiff not only pleaded the regularity of the vouchers, but also pleaded that they were issued for work done and performed by the contractors and assignors under contracts made between them and the county board. The board did not defend on the ground that the indebtedness exceeded the revenue and income provided for the year in which it was incurred without necessary vote of the people, nor did it offer any evidence tending to show that the work was not authorized by the board, or that the work was not performed according to contract. Its only defense was that the minutes of the board were not sufficiently clear and definite to show that the work was authorized by the board. The only statute in regard to the records of the board is section 4434a-9, which, after requiring the county superintendent to keep an exact account of all receipts and disbursements and report the same in detail to the county board as often as it may require, and annually to the fiscal court of the county on the date specified by that court for receiving said report, provides, "The books and records of the county board shall be open for the inspection of any citizen of the county." It will be observed that the statute does not pro-

vide in terms, or by necessary implication, that the county board can speak only through its records. In the absence of such a statute, it is generally held that while a school board should make and preserve minutes of its proceedings, and that the record so made is the best evidence of its official action, yet if, for any reason, the action taken by the board is not spread upon the minutes or records, it may be shown by the testimony of witnesses cognizant of the facts. Jackson County School Directors v. Kimmel, 31 Ill. App. 537; Dixon v. Liberty Tp. Subdist. No. 5, 3 Ohio Cir. Ct. 517, 2 Ohio Cir. Dec. 298; Roland v. Reading School Dist., 161 Pa. St. 102, 28 Atl. 995; Sidney School Furniture Co. v. Warsaw Tp. School Dist., 158 Pa. St. 35, 27 Atl. 856; German Ins. Co. v. Milford Independent School Dist., 80 Fed. 366, 25 C. C. A. 492. In the last mentioned case the court said:

"The alleged contract of insurance was shown to have been made at a meeting of the board of directors of the plaintiff school district at which Blackert, as a director, was present. The plaintiff's evidence tended to show that a motion was then adopted by a vote of the directors, authorizing the president, on behalf of the district, to make the contract for insurance with Blackert as agent of the defendant. No record of this motion, or of its adoption, was made by the clerk on the minutes or record of the meeting, and the ruling of the circuit court that this action of the board, not having been so recorded, might be proven by oral testimony, is also alleged as error. This action of the board was part of its business at that meeting, and should have been recorded. But it was the vote of the directors which gave authority to the president to act on behalf of the district, and the negligence of the clerk in failing to record the action of the board could not nullify that authority. Had the clerk made the record, it would have been competent evidence, and the best evidence, of the action of the board. But, as he failed to make such record, the fact could be proven by the persons present. Moss v. Averell, 10 N. Y. 449, 453; Handley v. Stutz, 139 U. S. 417, 422, 11 Sup. Ct. 530; Athearn v. School Dist., 33 Iowa 108; Morgan v. Willey, 71 Iowa 212, 32 N. W. 265; Westerhaven v. Cline, 5 Ohio 136; Rock Creek Tp. v. Codding, 42 Kan. 649, 22 Pac. 741; School Dist. No. 1 of Township of Pine River v. Union School Dist., 81 Mich. 339, 45 N. W. 993."

There being no statute providing in terms, or by necessary implication, that a county board of education can

speak only through its records, we conclude that any action taken by the board and not recorded by the clerk or secretary may be shown by the testimony of those who were present.

It is apparent from the records of the board and the evidence before us that the clerk or secretary of the board failed to keep accurate minutes of the official action taken by the board. However, the minutes which he did keep show that the board ordered the construction and repair of numerous school houses in the various subdistricts, and that the contracts were awarded at certain designated prices. It also appears from the minutes that the chairman, together with the superintendent, was ordered to look after the repairs, etc., of each division as needed. In addition to this, it appears from testimony of the members of the board, and the contractors who were present, that the board authorized other construction and repair work, which the contractors performed, and that minutes of its proceedings were taken by the secretary on separate sheets of paper. In our opinion, the minutes of the board, when supplemented by the oral testimony of those who were present when the action was taken but not recorded, are sufficient, in the absence of evidence to the contrary, to show that the work for which the vouchers were issued was performed under contracts authorized by the board. That being true, the court did not err in directing the jury to find for plaintiff.

Judgment affirmed.