## Fiscal Court of Jefferson County, et al. v. Jefferson County Board of Education.

(Decided October 24, 1922.)

Appeal from Jefferson Circuit Court
(Common Pleas, Second Division).

1.  Schools and School Districts—Levy of Tax by Fiscal Court.—The fiscal court of a county is without power to refuse a tax levy for the maintenance of its county common schools, when demanded by the county board of education accompanied by a detailed budget containing the required information and estimated needs of the schools for the ensuing year. In such case the fiscal court is without discretion, but must make the levy demanded, provided it is within the constitutional and statutory limits, and the board has not acted corruptly or in bad faith in making up the budget submitted to the fiscal court by including therein expenditures, actual or estimated not required or permitted for the maintenance of the schools.

2.  Schools and School Districts—Levy of Tax by Fiscal Court.—As chapter 36, section 8, Acts General Assembly, 1920, under which the levy in this case was properly demanded by the board of education, provides for the levy of both an advalorem and capitation tax the latter tax ot be imposed "upon all legal voters residing in the territory affected by the ad valorem tax, not exceeding $1.00 each; . . ." and the levy of such capitation tax as well as the

ad valorem tax, was demanded of the fiscal court by the board of education and was with the ad valorum tax necessary to meet the needs of the common schools as shown by the board's budget, the fiscal court's refusal to levy the capitation tax, as demanded, was unauthorized.

3. Statutes—Subjects and Titles of Acts—Schools and School Districts.—The act of 1920, does not violate section 51, Constitution. For any kind of tax provided for in the body of the act would be germane to this statement in the title respecting its subject, viz.: "providing for a levy of tax for common school purposes in each county." As this expression in the title of the act does not limit the power to tax to the imposition of an ad valorem tax, but is broad enough to permit the levy of any other character of tax authorized by section 8, of the act, both an ad valorem and capitation tax may be levied under that section, the one being as much embraced by the title as the other, and each being germane to the other and to the subject of the act expressed in the title.

4. Schools and School Districts—Levy of Tax by Fiscal Court.—The act does not violate section 180, Constitution, as both the board's budget and order making the levy will distinctly declare the specific purpose for which the tax is levied, and a provision of section 8 of the act declares, that the money realized from the levy shall be expended by the board of education in accordance with recommendations in the budget submitted to the fiscal court.

J. MATT CHILTON and WM. F. CLARKE for appellant.

BURWELL K. MARSHALL for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The question presented for decision in this case is, should the writ of mandamus awarded the Jefferson county board of education by the Jefferson circuit court, Common Pleas branch, 2nd division, against the fiscal court of Jefferson coonty, composed of the county judge and three commissioners, named in the petition, requiring a levy of a capitation tax of $1.00 each upon all legal voters of the county for the maintenance of its county common schools in and during the year 1922, have been granted? The latter insists that the mandamus should have been refused, and its complaint of the judgment granting it, resulted in this appeal.

The grounds urged by the appellant in resistance of the mandamus, were first presented by a demurrer to the petition as amended. The demurrer was overruled, excepting to which ruling, the appellants by answer traversed the averments of the petition as amended.

The appellee's right to the relief granted it by the court below, was asserted under chapter 36, section 8, Acts General Assembly, 1920, (now section 4399a-8 Carroll's Kentucky Statutes, sixth edition). The act, with respect to taxation for common school purposes, in substance, provides, that after the completion by the county tax commissioner of his assessment of the property in the county subject to taxation for school purposes under the act, and the county clerk's certification to the county school superintendent of the total assessed valuation, as made by the tax commissioner, of the property subject to such taxation, the county board of education shall, subject to the rules and regulations of the State Board of Education, and with the advice of the county school superintendent, prepare and through the county clerk submit to the fiscal court of the county when it convenes to make the annual county levy, an itemized and detailed budget showing the amount of money needed for the maintenance, in all respects, of the common schools of the county in and during the succeeding school year; also the estimated total amount that will be received from the state for the schools, and such further amount as must be raised by local taxation for their support, at a levy rate of not less than 25, nor more than 50 cents on each $100.00 worth of taxable property, that will, with the money to be received from the state, produce the full amount needed for the schools. Section 8 of the act, *supra,* specifically provides, that upon the submission of this budget to the fiscal court:

"It shall be the duty of the fiscal court to make the levy therein recommended and demanded and upon all taxable property subject to state taxation in said county, exclusive of property located in graded school districts and cities and towns, maintaining a separate and distinct system of common schools. At the same time that the fiscal court makes the *ad valorem* tax levy demanded by the county board of education, *it shall also impose upon all legal voters residing in the territory affected by the said ad valorem tax, a capitation tax not exceeding $1.00 each. . . .*"

It was alleged in the petition and shown by the exhibits appearing in the record, that the Jefferson county tax commissioner, county clerk and board of education fully performed the above mentioned duties required of them, respectively, by the act, *supra;* and the budget pre-

pared by the appellee and submitted to the appellant, fiscal court, appears to have contained in detail all the facts and information required by the provisions of the act to be furnished thereby. Furthermore its delivery was admittedly accompanied by a demand from the appellee that the fiscal court make the *ad valorem* tax levy of 50 cents and capitation tax levy of $1.00, required by its terms to meet the needs of the county's common schools for the succeeding year. The *ad valorem* tax levy was made, but the capitation tax levy was refused; which refusal caused the institution of this action.

In justification of its refusal to levy the captitation tax, it is contended by the appellant, first: That the question as to whether the appellee is entitled to the levy of a capitation tax for the benefit of the common schools of Jefferson county, is not controlled by chapter 36, section 8, Acts General Assembly, 1920, but by chapter 7, Acts General Assembly, 1922, which amended the act of 1920, by providing that the capitation tax for school purposes, if levied, shall be imposed upon "all male citizens over twenty-one years of age," instead of "all legal voters" of the county, as declared in the act of 1920. Second: That even if the question of appellees' right to the imposition of the capitation tax demanded in this case should, as held by the court below, be controlled by the act of 1920, its provision respecting the imposition of the tax is merely directory, which leaves to the discretion of the fiscal court the decision of the question whether its imposition is or is not necessary. Third: That the act of 1920 is unconstitutional and void, because violative of sections 51 and 180 of the Constitution.

In response to the first of these contentions it is sufficient to say that as the right of the appellee, board of education, to a capitation tax for the support of the county common schools in and during the year 1922, arose under and by virtue of the act of 1920, and by its provisions then in force became a fixed and vested right on July 1, 1921, many months prior to the passage of the act of 1922, it was unaffected by the later act, which the trial court very properly refused to give a retroactive effect.

The appellant's second contention is as untenable as the first. The main object of the act of 1920, in creating for each county of the state a county board of education and giving it the corporate powers therein conferred, was to enable it to have complete control of the com-

mon schools of the county and the money raised by taxation to maintain them. For this reason we repeatedly have held that the fiscal court of a county cannot refuse to make a tax levy for the maintenance of its common schools when demanded by the county board of education, accompanied by the budget containing the information and estimated needs of the schools as required by section 8, act 1920. And this is so, whether the levy demanded be an *ad valorem* or capitation tax, if within the limits fixed by the Constitution and statute. Elliott Co. Fiscal Court v. Elliott Co. Bd. of Ed., 193 Ky. 66; Breathitt Co. Bd. of Ed. v. Breathitt Co. Fiscal Court, 188 Ky. 674; Breathitt Co. Fiscal Court v. Breathitt Co. Board of Education, 191 Ky. 437; Fiscal Court of Logan Co. v. The Board of Education of Logan County, 138 Ky. 99; McIntire, etc. v. Powell, Sheriff, 137 Ky. 477; Board of Education, City of Bowling Green v. Townsend, Mayor, etc., 140 Ky. 248; City of Paducah v. Board of Education of Paducah, 146 Ky. 636; Grant Co. Board Education v. Chandlier, 144 Ky. 348; Spradlin v. Floyd Co. Bd. of Ed., 162 Ky. 167. In each of the cases, *supra,* it was held that the board of education is the sole judge of the needs of the schools and when it submits to the fiscal court the detailed budget required by the act of 1920, that court has no discretion in the matter, but must make the levy demanded by the board, provided it is within the constitutional and statutory limits. That in the opinion of the fiscal court the demands of the board of education are excessive or exhorbitant, is not sufficient to justify a refusal to make the levy. But, if it should be made to appear by allegation and proof, that the members of the board acted corruptly or in bad faith in making up the budget submitted to the fiscal court, by including therein expenditures, actual or estimated, not allowed by the statute for the maintenance of the schools, such corrupt conduct or acts would, of course, excuse a failure of the fiscal court to make the levy. It should be added, however, that no claim of corruption or bad faith on the part of the members of the county board of education has been made by the fiscal court in this case.

It is manifest from the authorities, *supra,* as well as the language of section 8, of the act of 1920, that the provision thereof requiring the levy by the fiscal court of a tax sufficient to raise the amount of money set forth by the budget of the board of education as necessary to

maintain the common schools of the county, is not directory, as insisted by the appellant, but, on the contrary, highly mandatory.

We are likewise unable to sustain the appellant's objections to the constitutionality of the act of 1920, presented by its third and final condition. Its validity is attacked on the grounds: (1) That it violates section 51, Constitution, because no reference is made in the title to the imposition of a capitation tax; (2) that the act violates section 180, Constitution, because it fails to indicate the purpose for which a capitation tax may be imposed, how the amount shall be arrived at, how it shall be levied, or how the names of those upon whom it may be levied are to be obtained. In considering these several propositions the following principles will be found applicable: The legislature may select for the measures of its enactment, such titles as it may see fit to adopt, provided the body and provisions of the enactment be so related to the title as to be reasonably and naturally embraced within its terms, or germane to the title; and whatever is naturally connected with and not foreign to the subject of an act, expressed in its title, is germane thereto. Cooley's Constitutional Limitations, 212; State Board Charities and Corrections v. Combs, 193 Ky. 548. Obviously, it cannot be said that any character of tax provided for in the body of the act whether *ad valorem*, or capitation, would not be germane to such a statement respecting the subject of the act as that contained in the following language appearing in the title of the act, ''Providing for a levy of tax for common school purposes in each county.'' With such a provision found in the title to the act, no reason is perceived for saying that the capitation tax provided for by section 8 of the act is not well within the title.

As it is clear that the language, ''Providing for a levy of tax for common school purposes in each county,'' contained in the title of the act, does not by any legal or reasonable rule of construction, limit the power to tax to the imposition of an *ad valorem* tax, but is broad enough to permit the levy of any other kind of tax authorized in section 8 of the act, it would seem to follow that the power to ''levy a tax for common school purposes in each county,'' expressed in the title, as fully embraces and recites the authority to levy a capitation tax, as an *ad valorem* tax. Both an *ad valorem* and capitation tax

may, therefore, be levied under the authority conferred by the act; the one is as much embraced by the language of the title as the other, each being germane to the other and to the subject of the act expressed in the title. It is our conclusion, therefore, that section 8 of the act does not violate section 51 of the Constitution. Nor do we think the act violative of section 180 of the Constitution which provides that every legislative act, ordinance or resolution, "levying a tax, shall specify distinctly the purpose for which said tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another purpose." The budget required by section 8 of the act of 1920, to be prepared and submitted by the board of education to the fiscal court, must as specified by that section, show every item of expense attending the conduct of the schools for the succeeding year, as well as the total amount needed for their maintenance to be raised by the tax levy demanded of the fiscal court. Not only does section 8 specify what items of expense shall be shown by the budget, but it provides that:

"The money collected by taxation under this act shall be expended by the board of education in accordance with the recommendation contained in the budget submitted to the fiscal court as herein provided."

In our opinion the above provisions of the statute makes it fairly comply with the requirement of section 180, Constitution, that the purpose of the tax levy shall be distinctly stated in the act authorizing or making the levy.

The appellant's contention that the act of 1920 is also violative of section 180, Constitution, because of its failure to provide for ascertaining the names of the "legal voters" against whom the capitation tax is required to be levied, is well answered by the following excerpt from the opinion of the presiding judge of the court below:

"It may properly be observed that the object for which the tax is to be levied—the conduct and maintenance of the schools—far outweigh the difficulty and expense necessary to obtain the names of the legal voters; and it is not manifest to the court how such great difficulty or expense may arise. The statute requires the assessment, as it does the collection, and with this clear duty imposed on the officers required to assess and collect the tax, the court cannot hold that such duty be omit-

ted because of the fact that there is either expense or difficulty, or both in the way.''

To this we would add, that the ascertainment of the names of the ''legal voters'' amenable to the capitation tax demanded in this case, can as readily and with as little expense be arrived at as in any case in which the ascertainment of their names would be necessary in imposing and collecting the capitation tax long known as a ''poll tax.''

The conclusion at which we have arrived in this case, renders unnecessary consideration of the objections urged by counsel for appellee to the constitutionality of the act of 1922. For the reasons indicated in the opinion the judgment of the circuit court is affirmed.