## Board of Education of City of Jackson v. Breathitt County Board of Education.

(Decided November 25, 1927.)

### Appeal from Breathitt Circuit Court.

Schools and School Districts.—Oral agreement of county school board relative to payment to city of expense for tuitioning and housing pupils in city's colored school held valid and binding on county board.

E. C. HYDEN for appellant.

CHESTER A. BACH, ERVINE TURNER and GRANNIS BACH for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

At the time involved in this case, practically all if not all of the colored school pupils entitled to free tuition within the county of Breathitt were located around and near the limits of the city of Jackson, in that county. They were so scattered as to render it impracticable to locate a convenient schoolhouse for their accommodation, and the appellee and defendant below, the county board of education for the county, verbally contracted with the appellant and plaintiff below, the board of education of the city schools of Jackson wherein a colored school was maintained, for the accommodation of such colored pupils for their attendance upon, and receiving instructions from, the city colored school. The arrangement con-

tinued for three years, after which a dispute arose as to the amount due, if any, from defendant to plaintiff for the tuitioning and housing of the colored pupils, and the respective parties agreed to refer the matter to two commissioners, one of whom was to be selected by each disputant. The commissioners met and heard testimony, and filed with each body their written report, in which they found that defendant was indebted to plaintiff in a total sum of $800. Thereafter the members of the defendant board, at a duly and regularly called meeting, ordered and directed that the claim as reported by the commissioners be allowed, and the treasurer was ordered to pay it out of the county school fund. Notwithstanding such order, defendant declined to make payment, and this action was filed by plaintiff against it to recover thereon.

The defense was that there was no record evidence of the contract for the performance of the services for which the claim was allowed, and that the parol contract upon which the services were rendered was void, and, being so, the defendant had no right to order the payment of any sum, notwithstanding the report of the commissioners of the amount due under the parol contract. The trial court upheld that contention, and dismissed the petition, to reverse which the plaintiff prosecutes this appeal.

The frankness of counsel for defendant in acknowledging the error of the trial court is to be commended. Their brief is short and is in these words: ·

"The learned trial judge, who heard this action in the lower court, was of the opinion that the appellee could only speak through its records. The case of County Board of Education of Pulaski County v. Jasper, 193 Ky. 222, 235 S. W. 366, cited by counsel for appellant, was not called to the court's attention; and it seems that the court, as well as the attorneys for both parties, were at the time ignorant of the fact that this opinion had been rendered. It seems to us that under the authority of that case the judgment appealed from should be reversed as to the item of $800 sued on."

The case referred to of County Board of Education of Pulaski County v. Jasper 193 Ky. 222, 235 S. W. 366, holds that there is no statutory requirement that county

boards of education may not contract except upon its record, and on this point the opinion said:

> "There being no statute providing in terms, or by necessary implication, that a county board of education can speak only through its records, we conclude that any action taken by the board and not recorded by the clerk or secretary may be shown by the testimony of those who were present."

There was no denial in this case that the contract, for the performance of which a recovery is sought herein, was actually entered into between the two boards, but from some oversight or omission no record was made concerning it. There is no material distinction between the facts of the Jasper case and those appearing in this record. It necessarily follows that the court erred, as counsel for defendant concede, in denying a recovery and dismissing the petition.

Wherefore the judgment is reversed, with directions to grant the new trial and for proceedings consistent with this opinion.