## Warren County Fiscal Court v. Warren County Board of Education.

(Decided June 5, 1928.)

### Appeal from Warren Circuit Court.

1. Schools and School Districts.—That county board of education, seeking writ of mandamus directing fiscal court to make levy of 50 cents on each $100 of taxables in county for school purposes, first called for 60-cent levy and, when opposition was encountered, reduced request to 50 cents, held not to warrant inference of bad faith, where board first contemplated eight months' school term, but deferred to fiscal court to extent of reducing term to seven months.

2. Schools and School Districts.—County board of education's inclusion of unauthorized interest item in budget would not justify fiscal court in rejecting entire budget, even if indicating bad faith, but such court should simply strike out such item.

3. Schools and School Districts.—It was proper for county board of education to make provision in budget, planned in anticipation of necessities, for interest which board might be required to pay.

4. Schools and School Districts.—That county board of education, seeking writ of mandamus directing fiscal court to make levy for school purposes in accordance with revised budget, included in first budget an item for interest omitted from second budget held not to indicate bad faith.

5. Mandamus.—Fiscal court's levy of 40 cents on each $100 of taxables in county for school purposes did not relieve it from operation of mandatory writ to make 50-cent levy on ground that further levy of such amount would exceed statutory limit, but 40-cent levy, which was not accepted by board of education and was wholly inadequate, should have been set aside and new levy, or additional levy to bring it up to amount required by board, made.

6. Schools and School Districts.—Failure of county board of education to insist on 60-cent school levy called for by its first budget, or to take action to set aside 40-cent levy made by fiscal court,

did not estop it from requiring such court to make 50-cent levy called for by revised budget.

7. Mandamus.—On mandamus by county board of education to require fiscal court to make 50-cent levy for school purposes in accordance with board's revised budget, testimony that such budget was adopted by board and properly presented to fiscal court was competent.

8. Schools and School Districts.—County fiscal court could not complain of board of education's alleged failure to adopt revised budget calling for 50-cent tax levy for school purposes instead of 60 cents called for by original budget.

LOGAN, GILLIAM & LOGAN for appellant.

RODES & HARLIN for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This appeal challenges the propriety of a judgment of the Warren circuit court awarding a writ of mandamus directing the fiscal court to make a levy of 50 cents on each $100 of taxables in Warren county, Ky., and a capitation tax of $1 upon each legal voter residing in said county, for school purposes for the year ending June 30, 1929. The board of education adopted a budget early in December calling for a 60-cent levy, which was presented to the fiscal court in January following. The levy requested was denied by a majority vote, and in lieu thereof the fiscal court made a 40-cent levy, with a capitation tax of $1 on each male inhabitant. The board of education then revised its budget and resubmitted it to the fiscal court. The revised budget required a 50-cent levy in addition to the capitation tax. A motion to adopt it was lost for the want of a second. Thereupon the board of education directed the employment of counsel and the institution of this action, which promptly followed. The court below heard evidence and rendered a judgment awarding the writ. The fiscal court appeals.

The questions of law involved, which have been settled by this court in previous cases, need not be recited, as the opinions elucidating the law on the subject are comparatively recent and quite exhaustive. Elliott County Fiscal Court v. Board of Education, 193 Ky. 66, 234 S. W. 947; Fiscal Court of Cumberland County v. Board of Education, 191 Ky. 263, 230 S. W. 57; Breathitt County Board of Education v. Breathitt County Fiscal Court, 188 Ky. 674, 223 S. W. 830; same case, second appeal, 191 Ky. 437, 230 S. W. 914; Fiscal Court of Jeffer-

son County v. Board of Education, 196 Ky. 212, 244 S. W. 764.

But it is said that the bad faith of the board of education in this instance may be inferred from the fact that it first called for a 60-cent levy, and, when opposition was encountered, receded from that demand and revised its request by reducing it to 50 cents. But that does not express the entire facts. The board first contemplated a school term of 8 months, and when the fiscal court refused its co-operation a majority of the board deferred to the court to the extent of reducing the school term to 7 months. This did not tend to show bad faith, but quite the contrary. It illustrated a willingness to meet reasonable arguments addressed to the wisdom of adjusting the desire for a longer school term to the need of economy in public expenditures. We think the board was within its rights in revising the budget rather than proceeding to enforce it, as it might have done.

It is also said that an item of $500 for interest was omitted from the second budget and that bad faith was indicated by its inclusion in the first budget. But even that would not justify the fiscal court in rejecting the entire budget. It should simply strike out the item which was unauthorized. We cannot say that the item was unauthorized. The entire budget was planned in anticipation of necessities. It was not unusual for the board to be required to pay interest, and it was proper to make provision for it. Far from convicting the board of bad faith, we think the facts shown in this record indicate a proper conception of their responsibilities to the schools and the taxpayers, and a commendable desire to perform their duties.

It is also urged that when the fiscal court made the levy of 40 cents, it had performed its duties, exhausted its power in the premises, and immunized itself against the operation of a mandatory writ for the reason that a further levy of 50 cents would exceed the limit allowed by law. The board of education was not required to proceed against the levy of 40 cents made by the fiscal court, or seek to have it vacated. The fiscal court was required to make the levy properly requested by the board of education. The 40-cent levy was not accepted by the board of education, and it appears to be wholly inadequate for the requirements of the schools. The 40-cent levy should have been set aside and a new levy made, or an additional levy added to the 40-cent levy to bring it up to the

amount required by the board of education. The form in which the matter is put is unimportant, so long as the right result is attained. The failure of the board of education to insist upon a 60-cent levy or its failure to take action to set aside the 40-cent levy does not estop it from requiring the court to make the levy of 50 cents for which its revised budget calls. The court was under obligations to conform to the law which required it to make the levy fixed by the budget of the board.

But it is argued for appellant that the board of education never adopted, by formal resolution or otherwise, the revised budget. We think the record shows the adoption of the revised budget by the board, and its proper presentation to the fiscal court. There is testimony that the action was taken, and the testimony is competent. Board of Education v. Breathitt Co., 222 Ky. 46, 299 S. W. 198; County Board of Education of Pulaski County v. Jasper, 193 Ky. 222, 235 S. W. 366.

The board employed counsel and directed this suit to be filed to enforce its demands. It is clear, then, that the board duly adopted the 50-cent budget. But if not, it would not help the appellant. The 60-cent budget, in that event, could still be enforced, and the fiscal court cannot complain that it has been compelled to make a less levy under the revised budget than it would be compelled to make if the revised budget was not adopted.

We are of opinion that the lower court correctly disposed of the case, and this conclusion renders it unnecessary to pass on the motion to strike the transcript of evidence.

The judgment is affirmed.