## The Grant County Board of Education, et al. v. Chandler.

(Decided June 21, 1911.)

### Appeal from Grant Circuit Court.

1. Statutes—Directory or Mandatory—That portion of the school act of March 24th, 1908, now embodied in the Kentucky Statutes as sub-Section 8 of Section 4426a, which requires the Board of Education to locate the first county high school to be established in the county, at the county seat, provided there is not already existing in the county seat a high school of the required grade, is directory in its terms, and not mandatory.

2. Statutes—Duty of Trustees—It is the duty of the Board of Education to follow the statute; but if, in carrying out the directions of a statute, which is directory only, they fail to comply strictly with its provisions, their acts are not void, but are irregular only.

3. Tax Levy.—In levying a school tax under Sub-section 9 of Section 4426a of the Kentucky Statutes, the fiscal court has no authority or power to limit the use of the tax so collected to some particular territory or part of the county; and such attempted limitation upon the use of the school fund is ineffectual for any purpose.

C. C. ADAMS for appellant.

HARRY C. MENEFEE for appellee.

Opinion of the Court by Judge Miller—Affirming.

The appellee, T. C. Chandler, was the regularly elected principal of the Crittenden High School in Grant county for the year 1910-11, under a contract of employment with the Grant County Board of Education, at a salary of $85.00 per month. The Board paid appellee's salary to March 1st, 1911, but has declined to pay it for the remainder of the term, amounting to $425, upon two grounds: (1), because, as it claimed, the County High School at Crittenden had not been legally established; and, (2), for the further reason that the school tax levy for the year 1910-11 was made with a limitation thereon that none of it should be expended for high school purposes outside of the county seat of said county. The decision of the case turns upon the interpretation to be given the new school act of March 24th, 1908, now

embodied in the Kentucky Statutes as sub-section 8 of section 4426 A, which reads, in so far as it is material to this case, as follows:

"Within two years after the passage and approval of this act, there shall be established by the County Board of Education of each county one or more county high schools: Provided, there is not already existing in the county a high school of the first class; if such high school already exists, and if the County Board may be able to make such an arrangement with the trustees or Board of Education of said high school as will furnish to the pupils completing the rural school course free tuition in said high school, then said high school may be considered as meeting the purpose of this law without the establishment by the Board of another high school. The county Board of Education in the various counties shall have full power and authority to unite with the governing authorities of any city or town in their respective counties for the purpose of establishing a high school for the joint use of the city or town and such county, and to unite with such authorities for the purpose of maintaining such high school if one be already in existence. For this purpose said county boards are hereby given full power and authority to make such contracts as they may deem necessary or proper for the establishment and maintenance of such high schools for the joint use of the county and such city or town. Said contract shall be in writing and shall contain full and complete stipulations as to the employment and compensation of teachers, courses of study, payment of the expenses of the school and the control and discipline of the pupils. The first county high school to be established in the county shall be located at the county seat, provided there is not already existing in the county seat a high school of the required grade."

When the Grant County Board of Education convened on February 1st, 1909, to receive and hear arguments and propositions for the establishment of one or more county high schools in Grant county, the Board of the Williamstown Graded Free School appeared, by its President, and he, upon the authority of the Board, tendered to the County Board of Education the use of the Williamstown Graded Free School for the first county high school, and showed to the satisfaction of the County Board of Education that said school in its high school department, already provided for instruction in

all the branches required to be taught in the county high schools of the first class under the new school law above quoted. No action, however, was then taken upon the proposition. On March 3rd, 1909, the citizens of Dry Ridge District No. 2 of Grant county petitioned the County Board of Education to locate the first high school at Dry Ridge, and pledged themselves to vote a tax that would raise the sum of $15,000.00, which, it was estimated, would be necessary to erect and equip the proposed high school building. The proposition of the Dry Ridge School District was accepted by the Board of Education on March 3rd, 1909, and it thereupon entered an order declaring that the first county high school of the first class for Grant county should be located and established at Dry Ridge, and that the second high school of the first class for Grant county should be located and established in the Crittenden school building at Crittenden in said county. Subsequently, appellee, Chandler, was employed to teach the second high school at Crittenden, and he has taught it for the full term for which he was employed. The court below gave him judgment for $425.00, the amount of his unpaid salary, and from that judgment the County Board of Education prosecutes this appeal.

Subsequently to the establishment of the Dry Ridge High School and the Crittenden High School on March 3rd, 1909, the Board of Education on November 11th, 1910, accepted the proposition of the trustees of the Williamstown Graded Free School, and made a contract with said trustees, carrying out the proposition which they had theretofore made to the board of education in February, 1909, to establish a county high school in the Williamstown Graded Free School. Williamstown is the county seat of Grant county; and, it is contended that the statute above quoted imperatively requires that the first county high school should be located at the county seat, if there is not already existing in the county seat a high school of the required grade, and that since the high school established at Williamstown was subsequent to the two established at Dry Ridge and Crittenden, the last two named schools have not been legally established. This construction of the statute would require us to say that its provisions as to the location of the first county high school at the county seat is mandatory and not directory merely. If it is mandatory, the contention of appellant is sound; but, if the statute is directory

merely, the failure of the trustees to follow the statute according to its precise terms, will not invalidate their action, if the statute has been otherwise substantially complied with. We do not think the statute is mandatory in its character. Its primary purpose was to provide high schools for the county; and, in carrying out that purpose the Board of Education was directed to establish the first county high school at the county seat, if there was not already such a school there located. It is the duty of the Board to follow the statute; but if, in carrying out the directions of a statute, which is directory only, they fail to comply strictly with its provisions, their acts are not void, but are irregular only.

Under this view of the case, we are of opinion that the establishment of the two county high schools at Dry Ridge and at Crittenden were legal, and that appellee's contract of employment was binding upon appellant, and that the circuit court properly gave appellee a judgment for his salary.

Neither is the second objection of any more force. In levying the tax for school purposes the fiscal court had no power to limit the use thereof to the territory comprising the town of Williamstown. Sub-section 9 of section 4426 A of the Kentucky Statutes requires the fiscal court to levy the necesary tax, which shall be collected by the sheriff and by him turned over to the county superintendent, who shall act as treasurer of the County Board of Education, and the County Board of Education only is authorized to expend the money for school purposes as, in its judgment, the needs of the individual schools may demand.

In Fiscal Court of Logan County v. The Board of Education of Logan County, 138 Ky., page 101, this court said:

"The Board of Education has control of the educational interests and needs of the county, and it is the duty of the Board before asking the fiscal court to make a levy for educational purposes to estimate the amount that in the judgment of the Board may be needed for this purpose. And when the Board of Education requests the fiscal court to levy a property and capitation tax within the statutory limit, it is the duty of the fiscal court to levy the property and capitation tax requested by the Board, if it is within the statutory limit. The fiscal court has no discretion to exercise on this subject. It

must lay the levy demanded. In submitting to the fiscal court an estimate of the amount that in the judgment of the Board is needed it is not necessary that the Board should mention the specific purposes, or any of the purposes, to which it intends to apply the funds. The expenditure of the funds within the statutory limits is entirely within the discretion of the Board of Education.''

The attempted limitation upon the use of the school fund by the fiscal court in its levy, as above pointed out, was ineffectual for any purpose.

The judgment of the circuit court is affirmed.