## Breathitt County Board of Education v. Breathitt County Fiscal Court.

(Decided June 8, 1920.)

### Appeal from Breathitt Circuit Court.

1.   Schools and School Districts—Budget for Year—Levy.—Under the 1920 school act, it is the duty of the county board of education

to prepare a detailed budget, showing the needs of the board of education for the school year, and present it to the fiscal court before that body meets at its April term for the making of the regular county levy; and when the board of education submits to the fiscal court such a detailed budget as required by section 6 of the act, it is incumbent upon the fiscal court to make such levy, and it has no discretion in the matter except that it may fix the rate of taxation on the one hundred dollars at such sum only as may be required to raise the total amount specified by the board of education.

2. Schools and School Districts—Budget for Year—Levy—Mandamus. —A board of education may, by mandamus, compel the members of the fiscal court of the county which has declined to make such levy, to assemble in regular session and perform its duties by making the levy sufficient to raise the money needed for school purposes according to the budget submitted by the county board of education.

O. H. POLLARD for appellant.

C. C. TURNER and SOUTH STRONG for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellant, Breathitt County Board of Education, filed with Breathitt fiscal court on March 31, 1920, an itemized detailed school budget showing the amount of money needed for supplementing teachers' salaries, for permanent improvements, repairs, furniture, old buildings maintenance and support of schools during the succeeding school year, in that county; and also an estimated total amount that would be received from the state and the amount that would be needed to be raised by local taxation, including the rate of levy necessary to raise such amount, fixing the rate of levy at forty-five cents on the one hundred dollars of taxable property, and one dollar capitation. Within a short time after the filing of the budget aforesaid with the fiscal court that body held its regular annual meeting for the purpose of making the annual county levy, and the school budget being brought to the attention of the fiscal court, it was rejected and no levy whatever made by the fiscal court to supply the needs of the board of education as set forth in the budget. This suit was brought immediately thereafter by the board of education of the county against the Breathitt fiscal court to obtain a mandamus to compel the members of the fiscal court to meet in regular session and to make a levy of forty-five cents on

each one hundred dollars' worth of taxable property and a capitation tax of one dollar on each legal voter resident in the territory subject to the *ad valorem* tax. A motion was entered for mandamus, and at the same time a demurrer to the petition was filed by the defendant fiscal court which, upon hearing, was sustained and the plaintiff, board of education, declining to plead further, its petition was dismissed and it appeals here.

This proceeding was instituted under the school law of 1920 and involves a construction, in part at least, of sections 8 and 9 of the act. From a comparison of the present act with the former act regulating the levy of assessments for school purposes, we find but little difference in the general outline and purposes, but the present act goes much more into detail; while comprehending and including all of the former act, it enlarges and extends it. In construing the act of 1908, which was the first one making the county the unit of taxation for school purposes (section 4426a, Kentucky Statutes) which reads in part as follows:

"It shall be the further duty of the county board of education to estimate and lay before the fiscal court of the county the educational needs of the county in accordance with such estimate, and said county shall levy a tax for school purposes not to exceed twenty cents on each one hundred dollars of assessed valuation of property in the county, and a capitation tax not exceeding one dollar . . . and the county board shall expend the money so received in the building, improvement and equipment of school houses, for the purchase and condemnation of necessary real estate, for the payment of teachers, purchasing necessary supplies and the extension of the school term in the various subdistricts throughout the county, as in their judgment as a county board the needs of the individual school for white and colored pupils demand," we held in McIntyre v. Powell, 137 Ky. 477, that the board of education and the fiscal court were authorized to impose a poll or capitation tax for school purposes, and it was the duty of the fiscal court to levy such capitation tax as requested by the board of education. And we further held in Board of Education v. Logan Fiscal Court, 138 Ky. 101, "when the board of education requests the fiscal court to levy a property and capitation tax, it is the duty of the fiscal court to levy the property and capitation tax requested

by the board, if it is within the statutory limits. The fiscal court has no discretion to exercise on this subject. It must lay the levy demanded. In submitting to the fiscal court an estimate of the amount that in the judgment of the board is needed, it is not necessary that the board should mention the specific purpose or any of the purposes to which it intends to apply the funds. The expenditure of the fund within the statutory limits is entirely within the discretion of the board of education.'' This case was followed in part by Spradlin v. Floyd County Board of Education, 162 Ky. 161; Grant County Board of Education v. Chandelier, 144 Ky. 348.

The statute under which this action was instituted provides:

''When such budget has been submitted to the fiscal court as herein provided, it shall be the duty of the fiscal court to make the levy therein recommended and demanded, upon all taxable property subject to state taxation in said county, exclusive of property located in graded school districts and cities and towns maintaining a separate and distinct system of common schools.'' ·

The act also provided that before the levy is made ''it shall be the duty of the county tax commissioner of each county, upon blanks furnished to him by the said tax commission in making the assessment for the county to show on each assessment the property subject to taxation under provisions of this act, and it shall be the duty of the county court clerk after the tax commissioner has made out and completed the tax assessor's books of the county, to certify to the county superintendent the total assessed valuation of property in the county subject to taxation under the provisions of this act. Upon receipt of such certificate from the county court clerk, it shall be the duty of the county board of education created by this act, each year, beginning with the year 1921 and of the present county board of education of 1920, to prepare subject to the rules and regulations of the state board of education and on and with the advice of the county superintendent, an itemized and detailed school budget showing the amount of money needed for supplementing teachers' salaries, for permanent improvements, repairs, furniture, old buildings maintenance and support of schools during the succeeding school year, and also the estimated total amount that will be received from the state and the amount that

will be needed to be raised by local taxation, including the rate of levy necessary to raise such amount, which in no event shall be less than twenty-five cents nor more than fifty cents on each one hundred dollars' worth of taxable property in the territory affected by this act.''

It further provides in substance that when the foregoing section is complied with, the levy shall be made by the fiscal court "as requested and demanded" by the board of education. Reading this whole act together, we are of opinion that so much of section 8 of the act as prescribes the duty of the tax commissioner and the county court clerk is merely directory, and the levy of the tax cannot be defeated by the failure of the tax commissioner or the county court clerk to perform the duties devolving upon them under this section. But the county board of education may obtain the necessary information from the assessor's books, or in any other authentic way, and prepare and submit the budget required, to the fiscal court. That part of section 8 which reads, "when such budget has been submitted to the fiscal court as herein provided, it shall be the duty of the fiscal court to make the levy therein recommended and demanded," is mandatory and, as said in the case of the fiscal court of Logan county against the board of education, *supra*, the fiscal court has no discretion in the matter but must make the levy requested by the board of education, provided it is within the limits prescribed by section 8 of the school act, that is, not less than twenty-five cents nor more than fifty cents *ad valorem* and one dollar capitation, provided, however, that the fiscal court is not required to make an excessive levy or to make a levy at an excessive rate simply because the board of education recommended or demanded that such levy be made, but the fiscal court may, when such budget is presented, determine what rate of taxation on the hundred dollars is required in order to raise the sum necessary to meet the needs of the schools of the county as presented by the budget. If, as in this case, the board of education should recommend a levy of forty-five cents *ad valorem* in order to raise a given sum, say $25,000.00, it would be the duty of the fiscal court, and it has no discretion in the matter, to levy a sufficient tax to raise the sum of $25,000.00 needed by the board of education, but if the rate suggested by the board of education, forty-five cents, is greater than is necessary to

raise the sum needed to meet the requirements of the schools for that year, then the fiscal court has the discretion to fix the rate at such sum as will produce the amount of money required to meet the needs of the school and no more. In other words, the board of education cannot arbitrarily fix the rate of taxation in excess of that needed, but the duty rests upon it to exercise a reasonable discretion in preparing the school budget and it cannot raise a greater sum by taxation than is reasonably necessary to meet the needs of the school for the year. It can not accumulate a surplus in this way, but it can raise sufficient funds to take care of any old indebtedness of the board of education, for under section 4434a-7, Kentucky Statutes, all debts of school districts have become obligations of the board of education, so that the levy may be made to cover all such indebtedness.

The petition in this case to which the demurrer was sustained is by no means perfect. In fact it is very skimpy in some parts, but reading it as a whole, we find that it alleges in a rather indefinite way all the facts necessary to show the right of the board of education to the relief sought. The budget fairly complies with the requirements of the statute in that it shows the amount of money needed to supplement teachers' salaries, repairs, fuel and other expenses, stationery, printing and postage, new buildings, general expenses, other expenses not included, and old debts unpaid. It also shows the sum that will be received by the board from the state (estimated), cash on hands, estimated total income from all sources and the balance to be supplied by local taxation. It also suggests that it will require a levy of forty-five cents on each one hundred dollars of taxable property in the county outside of incorporated cities and graded school districts, to raise the sum necessary to meet the needs of the schools for the year. It concluded with a request to the fiscal court to make the levy.

The chief objection of counsel for appellee to the petition, and no doubt the one upon which the trial court sustained the demurrer, is that it fails to allege the preliminary steps set forth in the first part of section 8 of the school act which should have been taken by the officer whose duty it was to make them were taken. It is contended that the board of education was, therefore,

without the necessary information upon which to base a rate of taxation, but, as stated above, the board of education was not confined to the source of information set forth in the act, but it had the right and power to make up this budget from any authentic information obtainable as to the taxable property of the county, provided always it must be responsible for the correctness thereof. As these requirements of the act were merely directory and not mandatory, it was not incumbent upon the plaintiff board to allege the performance thereof and the petition was not defective because of the absence of an averment that the tax commissioner of the county had upon blanks furnished to him by the state tax commission showed the assessment of the property subject to taxation for common school purposes, and the county court clerk had certified to the county superintendent the total assessed valuation of property in the county subject to taxation under provisions of this act. Neither did the inclusion of the item "old debts" in the budget which was made a part of the petition render the pleading bad.

We, therefore, conclude that the demurrer to the petition should have been overruled and the defendant fiscal court allowed to answer if it desired to do so, and show that a levy of forty-five cents on the one hundred dollars' worth of taxable property outside of incorporated towns and graded school districts in the county of Breathitt was not necessary in order to raise the sum of $23,870.58 declared by the board of education to be necessary for school purposes for the ensuing year, but in case the fiscal court make such issue the burden will be on it to sustain the averment.

On a return of the case the parties will be allowed to plead to an issue, if they desire to do so.

Judgment reversed.