# Christian County Board of Education v. Morris, et al.

(Decided February 10, 1925.)

## Appeal from Christian Circuit Court.

1. Schools and School Districts—County Board of Education Held Required to Maintain High School at County Seat or Arrange for High School Facilities.—Under Ky. Stats., sections 4526b-1, 4526b-3, county boards of education must establish high school at county seat or contract with authorities in charge of high school previously established there for care of pupils entitled to attend county high school, notwithstanding language of section 4526b-2, "provided there is not already existing in the county seat a high school of the required grade."
2. Schools and School Districts—County Board of Education Held Liable for Tuition of Pupils Entitled to Attend High School Required to be Maintained in County Seat.—Under Ky. Stats., sections 4526b-1, 4526b-3, county board of education, having failed to establish high school at county seat or to contract with authorities governing school already located there, is liable for tuition of pupils not residing in other high school districts and entitled to attend high school required to be maintained in county seat.

BREATHITT & BREATHITT and COOK & FRUIT for appellant.

JOHN C. DUFFY for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

The pleadings and agreed statement of facts in this record disclose that the Christian county board of education has never established or maintained a county high school in Hopkinsville, the county seat of that county, but that since the enaction of the Sullivan Act in 1908, which with its amendments now constitute sections 4526b-1-2-3, Kentucky Statutes, up until the present school year, beginning July 1, 1924, it has complied with their provisions by contracting with the board of trustees of the Hopkinsville high school for high school instruction at the county seat for county pupils eligible for high school education. It appears that for the school year 1924-25 the county board is not maintaining a high school of its own and has not made a contract with the trustees of the Hopkinsville high school whereby county high school pupils may attend a high school in Hopkins-

ville, the county seat. The county board appears to be maintaining in Christian county nine high schools outside of the county seat. The agreed statement of facts discloses the financial condition of the county board, the details of which, it seems to the court, are immaterial to the question presented by this appeal. Having failed either to establish a high school of its own at the county seat or by contract with the Hopkinsville high school to provide high school facilities free of tuition cost to the school children of Christian county eligible for high school instruction, this lawsuit was instituted by a number of patrons having children eligible for high school instruction to compel the county board of education to pay their tuition at the Hopkinsville high school, upon the theory that the sections of the statutes above require the county board of education either to establish and maintain its own high school or to contract for same with an established high school at the county seat of each county. Appellant, county board of education, defended, contending that the sections of the statute, *supra*, do not require the county board to maintain its own or to contract for high school instruction at the county seat, but that the discretion as to the location of the county high schools is vested in the county board of education and that, having exercised its discretion by establishing nine high schools in Christian county, it can not be compelled either to maintain its own high school at the county seat or to contract for high school instruction with the governing authority of the county seat's city high school or to pay the tuition of the county patrons of the city high school.

Section 4526b-1 provides for the establishment of at least one county high school by the county board of education of each county of the Commonwealth. The section further provides that in the event there had theretofore been established in any county a high school, meeting the requirements of the statute, the county board of education, instead of going to the expense of purchasing suitable grounds and erecting thereon the necessary buildings and employing necessary teachers and incurring the expenses incident thereto and to the maintenance of a high school, might by contract with the governing authority of such previously established school take care of its obligation to the children of the county eligi-

ble for high school. Among other things, section 4526b-2 provides:

> "The first county high school to be established in the county shall be located at the county seat, provided there is not already existing in the county seat a high school of the required grade."

It seems to the court that by inserting that provision in the statute in question the legislature clearly intended that the county board of education of each county must either establish its own high school at the county seat or by contract with the governing authorities of any high school then established at the county seat of any county provide at the county seat high school facilities for the children of the county eligible to high school instruction. Although there might be at some point in the county other than the county seat a high school of the required grade, yet the requirements of the statute could not be met by contracting with such high school. The legislature having said:

> "The first county high school to be established in the county shall be located at the county seat, provided there is not already existing in the county seat a high school of the required grade,"

clearly intended that in the event there was not a high school of the required grade at the county seat the county board of education must establish and maintain one, but that, if such a high school had previously been established at the county seat, the county board might contract with it under the plan provided for in the previous section. In any event the county board must either establish and maintain at the county seat its own high school or by contract with the governing authorities of a previously established high school of the required grade provide at the county seat high school facilities for all children of the county eligible for high school instruction. By either one plan or the other the county board of education must establish and maintain a county high school at the county seat of each county. It is insisted for appellant, county board of education, that it had complied with the requirements of the statute by establishing and maintaining nine high schools in Christian county and that its failure to contract with the established high school at Hopkinsville, Kentucky, the

county seat, is wholly due to the fact that it has not suffi-
cient funds with which to maintain the nine high schools
it has established and to make such contract. The court
is of the opinion that the primary duty of a county board
of education under the statute above is to establish and
maintain a high school at the county seat by one of the
two plans. If its financial condition is such that it can
maintain only one high school that must be at the county
seat. Other county high schools may be established and
maintained only after the needs of the one at the county
seat have been met. The language of the statute seems
to the court to be plain and unambiguous and susceptible
of no other construction.

This opinion is not in conflict with the construction
given the statutes in question by this court in Grant
County Board of Education, et al. v. Chandler, 144 Ky.
348. That action originated shortly after the enaction of
the statutes above. When it was instituted it appeared
that the county board of education of Grant county was
maintaining a high school not only at the county seat but
also at two other locations in the county. It does appear
that the county board of that county established two
county high schools at points outside of the county seat
shortly before establishing a county high school at the
county seat. That action was a suit by the principal of
one of the county high schools outside of the county seat
to recover a part of his salary which the county board
declined to pay. It defended upon the theory that
having established the high school at the point outside
of the county seat first its contract with the principal of
that school was void. The three schools, one at the
county seat, having been established within a short period
of time of each other, this court held that there had
been a substantial compliance with the provisions of the
statute and required the county board of education to
pay the salary as it had contracted to do. In the case
now before us, there is neither a substantial nor any
compliance with the provisions of the statutes. It being
the duty of the county board of education in any event
to establish and maintain a high school at the county
seat, it can not be said that the provisions of the statute
have been complied with by maintaining nine county
high schools at locations in the county other than the
county seat. In view of the plain and unambiguous
terms of the statute, the board of education of a county

has not the discretion to maintain high schools at points other than the county seat and to refuse to maintain one at the county seat.  If its finances permit it to maintain only one that must be maintained at the county seat.

The court below properly held that it could not compel the trustees of the Hopkinsville high school to contract with the county board of education.  It appears from the record that up until the present school year the county board of education has contracted with the Hopkinsville high school but that the contract could not be renewed this year because the county board of education owes the board of trustees of the Hopkinsville high school approximtaely $12,000.00 on back contracts.  The trial court held that the children of Christian county eligible to high school who desire to do so have the right to attend the Hopkinsville high school and that the county board of education must pay their tuition.  It is insisted for appellant that it has no authority under section 4526b-1, *supra*, in the absence of a contract with the governing authorities of the Hopkinsville high school, to pay the tuition of children from the county attending that school.  To so hold would in effect be to hold that any county board of education can repeal the provisions of the statute relative to the question by failing to establish and maintain its own school at the county seat or by declining to contract with the governing authorities of the county seat's high school.  Having in violation of the express provisions of the statutes failed either to establish its own or by contract with the city high school to provide high school facilities at the county seat for the children of the county eligible to high school instruction, the court below properly held it to be the duty of the county board of education to pay the tuition of any pupil eligible to high school residing in Christian county outside of graded school districts that should attend the Hopkinsville high school, and entered judgment commanding it to do so.  That judgment in effect compels the county board of education to do that which it was its duty to do under the statutes above.

Perceiving no error in the judgment appealed from it is affirmed.