# Whitley City Graded School District v. McCreary County Board of Education.

(Decided February 5, 1929.)

R. L. POPE and W. H. CAYLOR for appellants.

VIRGIL SMITH and TYE, SILER, GILLIS & SILER for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Reversing.

In this suit between the board of trustees of the Whitley City graded school district and the McCreary county board of education it appears that in 1915 the two boards united in the erection of a school building in Whitley City, in part of which there has since been conducted a high school, the other part of the building being used by the grades; and that up to and including the school year 1920-1921 the high school was operated under an arrangement whereby each board paid one-half of the expenses. The next year each board contributed to the

expenses in proportion to the number of scholars attending from within and without the graded school district. This suit and appeal relate to the cost of conducting the school during the next two scholastic years.

It is alleged in the petition, as amended, that, at the commencement of the 1922-1923 term, a written contract was duly entered into between the boards, which contained complete stipulations as to the employment and qualification of teachers, courses of study, and the like, and in which it was agreed that the expenses of the high school were to be borne as they had been during the first five years of the school's existence, that is, equally. It is further alleged that the school was conducted during that year in full compliance with the provision of section 4426a-8, Kentucky Statutes, and that the defendant county board patronized the school by sending its eligible pupils to it and received the full benefit thereof. It is charged that, after the school had been in session during the month of October, 1922, the defendant refused to comply with its contract, and has since failed and refused to pay any part of the expenses for that year, which it is averred amounted to $3,000, and that the county board is indebted to the graded school board one-half of that sum.

No county high school was provided by the county board for the 1923-1924 term, as required by law, and it is alleged that, when the graded school district opened its high school, the county pupils attended it without any agreement respecting payment of their tuition until December, 1923, when a contract was entered into between the two boards, the terms of which were similar to those of the former contract; and in which it was further stipulated that the county board would pay its obligation under the contract made for the year 1922-1923. The parties were in doubt about the validity of this contract, and it was agreed that it and the whole controversy should be submitted to the superintendent of public instruction and the Attorney General, and that they would abide by their recommendation. A committee from each board did submit the matter to those officers, who approved the contract. The county high school pupils continued in attendance until the end of the year, but the county board has refused to pay the graded school board anything on account of the operation of the school for either year. It is averred that the cost of maintaining the school the latter year was also $3,000, and the graded

school board seeks to recover of the county board $1,500 on that account, making a total of $3,000 sued for.

A copy of this contract was filed with the original petition, according to its averments (as supplied), which was burned in a fire that destroyed the McCreary county courthouse, and which it is said also destroyed the records of the county school superintendent, who, it is shown, acted as chairman of both boards.

The defense interposed by the county board seems to be based on the ground that it had no power or authority to enter into the contracts set up in the petition. There is some attempt to deny their execution, but the specific allegations are not clear. The county board denies that it failed or refused to pay its part of the cost of conducting the school for the year 1922-1923, and charges that it bore the burden for that term, and that the plaintiff is indebted to it for its part of the expenses. As to the 1923-1924 contract, the only plea is a denial that all the facts of the "alleged contract" were presented to the state superintendent and the Attorney General, and it is charged that in no event were those officials empowered to act in the matter. It is further charged in the answer that the county board had endeavored to co-operate with the graded school board in the maintenance of the high school, but that the latter would not agree to pay its proportionate part of the expenses, and it is claimed that for the years set forth in the petition it had expended for the plaintiff the sum of $2,315.22, for which a recovery was sought, although the answer is not denominated a counterclaim.

A reply completed the issues, and a jury was impaneled to try the case.

The plaintiff introduced evidence substantiating the allegations of its petition, except perhaps as to the proper technical execution of the contracts. The minutes of the county board in which it appears were recorded the transactions of the joint meeting of the two boards, as well as the contracts themselves, were destroyed in the courthouse fire, as stated, and plaintiff did not prove that the contracts contained the details prescribed by section 4526b-1 of the Statutes, which relates to the character of school to be maintained and the conditions of contracts to be entered into by the county board of education respecting the maintenance of county high schools. However, it was clearly made to appear

that the county board ratified whatever contracts were made by sending its high school pupils to the school in Whitley City, the cost of which the evidence shows was wholly borne by the graded school district. The cost of such maintenance and the fact that the defendant had paid no part thereof were fully established.

At the close of plaintiff's evidence, the court, on his own motion, withdrew the case from the jury and took it under advisement. He later adjudged that the plaintiff should recover $166.66, representing one-half of the cost of maintaining the high school during the month of October, 1922. This was error. Without any evidence having been introduced by the defendant, the court should have directed the jury to return a verdict for the plaintiff. Although the suit was brought in equity, it was a common-law action on a contract, and the parties were entitled to have a jury pass on such facts as were put in issue.

The statute requiring a county board of education to provide a high school at the county seat is mandatory. Christian County Board of Education v. Morris, etc., 207 Ky. 221, 268 S. W. 1106. This may be done either by establishing an independent high school or by contracting with the authorities governing a school already located there. There is no doubt of the power of the school boards to enter into such contracts as appear to have been made in this case, and it would seem in many instances such an arrangement is for the mutual advantage of both institutions. The terms of section 4526b-1 expressly grant that power in these words:

"For this purpose said county boards are hereby given full power and authority to make such contracts as they may deem necessary or proper for the establishment and maintenance of such high schools for the joint use of the county and such city or town."

Contracts similar to the one here involved were considered by this court in County Board of Education of Christian County, etc., v. Board of Trustees of Hopkinsville Public Schools, 154 Ky. 309, 157 S. W. 697; County Board of Education v. Dudley, 154 Ky. 426, 157 S. W. 927, and Board of Trustees of Hartford Graded Schools, etc., v. Ohio County Board of Education, 172 Ky. 424, 189 S. W. 433.

686

The evidence regarding the contents of the destroyed records of the county board is scant, and it does not appear that the minutes were complete, but it does appear that the contracts were made by the boards acting officially. While the boards should make such a record and it is the best evidence of its official action, if not made, the action may be shown by qualified witnesses. County Board of Education v. Jasper, 193 Ky. 222, 235 S. W. 366.

Regardless of whether the contracts sued on were executed in strict accordance with legal technicalities, they were ratified by the county board of education in patronizing the high school; and, under the pleadings and evidence of this case, the appellant, Whitley City graded school board, ought to recover one-half of the cost of operating the school during those two years. The contracts appearing from this record to be sufficient and valid, only the issues as to the cost of conducting the school and the amount payable remain to be determined.

Wherefore the judgment is reversed for proceedings consistent herewith.