## Hellier Graded School District et al. v. Pike County Board of Education.

(Decided February 14, 1930.)

J. J. MOORE for appellants.

ZACH JUSTICE for appellee.

OPINION OF THE COURT BY JUDGE GRIGSBY—Affirming.

This action was instituted in the Pike circuit court by appellants Hellier graded school district and the officers of said district and a number of parents of Pike county residing outside of the Hellier graded school district, against the Pike county board of education.

It is alleged in the petition that the individual appellants are residents and taxpayers of Pike county, all of whom reside outside of the Hellier graded school district, but within a radius of one to three miles of this graded school; that they live nearer and more convenient to the Hellier graded school than any other graded school in Pike county; that there is no graded or high school within the district where they reside, and the next graded school nearest to their residence is in the city of Pikeville, which is more than twenty miles from where appellants reside. Appellants filed an itemized statement, showing the name of the parents, all of whom are appellants, the name of the children, the time attended, and the amount charged. They also allege that plaintiff, Hellier graded school district, presented a verified statement, giving the name of each pupil, place of residence, time attended, and the name of the parents and the amount charged for each pupil to the Pike county board of education and demanded that it pay the tuition; that same was not in excess of the rate fixed and paid by the county for other high school pupils in the county; that the entire bill so presented amounted to the sum of $1,427.90; that defendant refused to pay this bill or any part of it. They also alleged that each of the plaintiffs are taxpayers of Pike county, that their property is assessed and they pay taxes to the common school fund of Pike county, and that the Pike county board of education is indebted to the Hellier graded common school in the amount set forth in their petition by reason of their children having attended the Hellier graded school. They further allege that the said children attended the Hellier graded school with the knowledge, approval and consent of the Pike

county board of education, defendant herein, and that the defendant is obligated to pay the tuition of the children as set forth in the petition.

The trial court sustained a demurrer to the petition. Plaintiffs declining to plead further, the petition was dismissed. From this judgment plaintiff, who are appellants here, prosecute this appeal.

Appellants earnestly insist, that their petition as amended states a cause of action under section 4526b-5, Kentucky Statutes, and under decision of this court in the case of Scott County Board of Education v. Steele, 213 Ky. 346, 280 S. W. 1098.

The statute above referred to is section 2, chapter 81, of the Acts of 1916, the scope of which act is very clearly set out in its title, which reads: "An Act to provide for the erection, organization and maintenance of county high schools jointly by two or more adjacent counties, and to allow pupils to attend high schools in counties other than their own." Section 1 of that act applies to two or more adjacent counties, and section 2, which is section 4526b-5 of the statute, means that a pupil of one county shall have the right to attend a high school of his own county or that of an adjacent county, whichever is most convenient for him. It clearly has no application to the case at bar, as the controversy here is wholly within the county. Reed v. Mason County Board of Education, 220 Ky. 489, 295 S. W. 436. We are further of the opinion that the case of Christian County Board of Education v. Morris, 207 Ky. 221, 268 S. W. 1106, likewise has no application to this case. The question involved in the Christian County case was that the county board having failed to either establish a high school of its own at the county seat or by contract with the Hopkinsville high school to provide facilities free of tuition cost to the school children of Christian county eligible for such high school instruction, to compel the county board of education to pay their tuition upon the theory that the Statutes require the county board of education to either establish and maintain its own high school or to contract for same with an established high school at the county seat of each county.

Section 4399a-5 provides: "The county board of education and their successors in office shall be a body politic and corporate, with perpetual succession and as such may sue and be sued. The county board of educa-

tion, in its corporate capacity, shall have control of the county school property and county school funds."

Kentucky Statutes, sec. 4526b-1, which is chapter 24, p. 162, of the Acts of 1916, is as follows:

"Within two years after the passage and approval of this act, there shall be established by the county board of education of each county one or more county high schools; provided, there is not already existing in the county a high school of the first class. If such high school already exist, and if the county board may be able to make such an arrangement with the trustees or board of education of said high school as will furnish to the pupils completing the rural school course free tuition in said high school, then said high school may be considered as meeting the purpose of this law without the establishment by the board of another high school. The county board of education in the various counties shall have full power and authority to unite with the governing authorities of any city or town in their respective counties for the purpose of establishing a high school for the joint use of the city or town and such county, and to unite with such authorities for the purpose of maintaining such high school if one be already in existence.

"For this purpose said county boards are hereby given full power and authority to make such contracts as they may deem necessary or proper for the establishment and maintenance of such high schools for the joint use of the county and such city or town. Said contract shall be in writing and shall contain full and complete stipulations as to employment and compensation of teachers, course of study, payment of expenses of the school and the control and discipline of the pupils; provided, that the total expense of conducting said high school, including estimate of the six per cent (6%) per annum on all investments in buildings, grounds and equipment, shall be pro rated between the two boards of education in proportion to the enrollment respectively of county pupils and pupils residing in said town, city or graded school district, for the term of the first half of the session, and likewise for the term of the second half of the school session, the entire school session being in no case less than eight months."

Chapter 4526b-2, in so far as it has any application to this, reads as follows:

"Provided, however, that said contract tuition rate shall in no case exceed the rate charged for other pupils; provided, further, that the county board of education shall be limited in their right to contract for high school instruction with a school under public supervision and control.

"The first county high school to be established in the county shall be located at the county seat, provided there is not already existing in the county seat a high school of the required grade."

In the case of Board of Trustees of Hartford Graded School v. Ohio County Board of Education, 172 Ky. 424, 189 S. W. 433, 434, this court expressly held:

"That no enforceable contract can be entered into between the board of education and the trustees of a graded school unless it is in writing, and, furthermore, contains at least in substantial form the stipulations that the statute provides must form a part of these contracts. The purpose of the statute in requiring contracts like these to be put in writing was to avoid the discord and litigation detrimental to the educational interests of the county. .

"The board of education can act only in its official capacity. It is made by the statute a body politic and corporate, and all of its acts and doings should be made a matter of record."

It will be seen that the pleadings in this case do not allege a contract between appellants, or any of them, and the appellees Pike county board of education, not even a verbal contract or any record thereof. It is a well-settled principle unversally adhered to in this commonwealth that a body politic, such as the defendant, is not obligated by any implied contract. Staebler & Gregg v. Town of Anchorage, 186 Ky. 124, 216 S. W. 348. Inasmuch as there is no contract alleged between plaintiffs and defendants herein, we are of the opinion that under the authorities above quoted the trial court ruled correctly in sustaining the demurrer to the petition and petition as amended. The judgment is therefore affirmed.