# Board of Education Campton Graded and High School v. Board of Education of Wolfe County et al.

(Decided Feb. 23, 1937)

E. C. HYDEN for appellant.

LEEBERN ALLEN and WILLIAMS & ALLEN for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

The Board of Education of the Campton Graded and High School instituted this action against the County Board of Education of Wolfe County alleging in substance that on the 20th day of August, 1932, it entered into a contract with defendant whereby it agreed to accept Wolfe county high school students into its school at Campton and to furnish them tuition and training for the school year, 1932-1933; that it did accept such children as provided in the contract for the school year specified therein but that defendant has failed and refused to pay the sum stipulated in the contract or any part thereof. It prayed judgment for the sum of $1,300 and for an order requiring and directing defendant Board of Education of Wolfe County to assemble and pay plaintiff such sum with interest from June 30, 1933 until paid.

A copy of the contract was filed as an exhibit with and made a part of the petition. The contract reads:

"August 11th, 1932.

"This article of agreement made and entered into this day and year above mentioned, by and between Wolfe County Board of Education, party of the first part, and the Campton Graded and High School, whereby the said Campton Graded and High School has for the sum of thirteen hundred and forty five dollars agreed to furnish tuition free to all the Wolfe County High School Students sent to the said School by che Wolfe County Superintendent for Year 1932-33. The said Campton Graded and High School Board agree to on the recommendation of the Wolfe County Superintendent to employ one Leona Coldiron of Hazel Green, Ky., as an assistant teacher in the said High School, for a period of five months at the salary of

ninety dollars per month. The said teacher possessing the legal qualifications to teach in the said capacity recommended for.

"Given under our hands this 20th day of August 1932. Campton Graded and High School.

"G. M. Center, Chair.
Wolfe County Board of Education.
"James H. Dunn, Chair.
"Bruce Rose, Supt.

"Attest;—A. B. Kash, Clerk Wolfe Circuit Court."

A demurrer to the petition was sustained, and plaintiff declining to further plead, its petition was dismissed and it is appealing.

Respective parties apparently are in agreement that their rights are to be determined by section 4526b-1, Kentucky Statutes, Carroll's 1930 Edition, which was in force at the time. It is the contention of counsel for appellant that the contract is valid and conforms to the requirements of the statute. On the other hand, it is the contention of appellees that the petition does not state a cause of action because the contract sued on does not contain the provisions and stipulations required by the statute and does not aver that the contract was ever authorized or adopted by the boards of education or that any official action by either of the boards of education was taken concerning the contract.

The section of the statute in question relates to the establishing of high schools by county boards of education of each county and requires that the county board of education of each county should establish one or more high schools if there was not already existing in the county a high school of the first class; but provides further that if such high school already existed, the county board of education might make arrangements with the trustees or board of education of such high school as would furnish pupils completing rural schools free tuition in the high school and if such arrangements were made, then such high school might be considered as meeting the purpose of the law without attempting the establishment of another high school; and further provided in effect that county boards of education should have power and authority to unite with governing authorities of cities or towns in their respective

counties for the purpose of establishing a high school for joint use of such county and city or town, and to unite with such authorities for the purpose of maintaining such high school if one already be in existence.

The statute, continuing, provided:

"For this purpose said county boards are hereby given full power and authority to make such contracts as they may deem necessary or proper for the establishment and maintenance of such high schools for the joint use of the county and such city or town. Said contract shall be in writing and shall contain full and complete stipulations as to employment and compensation of teachers, course of study, payment of expenses of the school and the control and discipline of the pupils."

It will be noted from a reading of this section of the statute that county boards of education were required to furnish high school facilities to all pupils completing common school courses but left open to the various boards three ways of meeting the mandatory requirements of the statute: (1) To establish one or more high schools in the county; (2) to enter into an arrangement with the trustees or the board of education of any high school already existing in the county to furnish pupils completing the rural school courses free tuition in such high school; and (3) to unite with governing authorities of any city or town for the purpose of establishing a high school for the joint use of the county and city or town.

It will be noted that the quoted excerpt from the section of the statute in question relates solely to the establishment of high schools for the joint use of the county and any city or town, if the county pursued the third course left open by the statute.

Counsel for appellees cite and rely on the cases of Board of Trustees of Hartford Graded School v. Ohio County Board of Education et al., 172 Ky. 424, 189 S. W. 433, County Board of Education of Hopkins County v. Dudley et al., 154 Ky. 426, 157 S. W. 927, and Hellier Graded School District v. Pike County Board of Education, 233 Ky. 63, 24 S. W. (2d) 934.

In the first case cited it appears there had been an arrangement entered into between the county board of education and the trustees of the graded school dis-

trict whereby the common school graduates would be permitted to attend the high school in the graded district for a stipulated tuition fee. The county board having refused to pay these fees for the pupils, the graded school trustees brought suit against the county board of education asking judgment for tuition fees alleged to be due under the agreement. It was held in effect that the contract could not be enforced because the written contract was not adequate on its face in that it did not comply with the quoted provisions of section 4526b-1, supra; that it was not authorized or adopted by the board of trustees of the graded school or by the county board acting in their official capacity. Respecting the requirements of the statute concerning the stipulations of the contract, it followed the second case cited. In the second case cited the county board of education entered into an arrangement whereby graduates from the common schools might attend the public school at Earlington but the Earlington school was not a graded or high school but was a common school of a common school district of the county. The arrangement was evidenced only by a resolution of the board of education, and the court held that this did not constitute a contract, since it was unilateral only and did not bind the Earlington school authorities to perform any service for the board of education and did not contain any provision whatever concerning the courses of study, payment of expenses of the school, or the control or discipline of pupils. In those cases, the court clearly overlooked the two different courses or methods the county board might pursue in lieu of establishing one or more high schools, as provided at the outset of the section of the statute referred to; and that the quoted provisions of the section relating to contracts applied solely where the county board of education adopted the third method as above indicated by entering into an arrangement with the city or town for the establishment and joint use of a high school. If the county board of education adopted the second method of providing high school education for pupils who have completed the common school courses, it merely entered into an arrangement with the trustees of an established high school whereby such pupils would be furnished free tuition in such high school without the county board being given any control or management of the high school.

It is our conclusion that the quoted provisions of

the statute relating to the stipulations that should be contained in the contract does not apply in cases of this character, but solely to agreements whereby the county board of education and the governing authorities of a city or town establish and maintain a high school for the joint use of the county or the city and county.

It does not appear in this case as it did in the first case cited by counsel for appellees that the contract was not adopted by the county board of education or by trustees of the graded school district, but, on the other hand, it is alleged that the parties entered into a written contract which is filed with and made a part of the petition and is signed by the respective boards by their chairmen and by the county superintendent, who is secretary of the county school board.

In the third case cited, it was merely held that where there was no verbal or written contract the county was not obligated by implied contract to pay the graded school authorities tuition for pupils within the county but outside the graded district attending such graded schools.

Apparently in sustaining the demurrer the lower court was guided by the first two cases cited by appellees, but it is quite obvious that the opinion in those cases was based on a misconception of the statute relative to arrangements between the county board of education and the trustees of a high school whereby the graduates of the common school might attend the high school, but without giving the county board of education any control over such high school; and to the extent that they conflict with this opinion in that respect they should be and are overruled.

For the reasons indicated, the judgment is reversed and the cause remanded, with directions to overrule the demurrer to the petition.